## WILLIAM DRENNAN v. GEORGE M. BEIERLEIN.

*Tax sales—Interest charges and penalties—Payment of tax after extension of time for making return.*

Ejectment was brought against a tax purchaser of land which was taxed at $1.62 but was sold for $1.94. The record did not show whether the additional 32 cents was charged as a penalty under the name of interest, or for some other purpose, and it did not exclude the possibility that it was made up of legitimate charges for the cost of advertising, sale and conveyance. *Held* that in the absence of a clear showing to the contrary it would be assumed that the charge was lawfully made.

An extension of time for making return of taxes is for the benefit of the tax collector, and if he makes return before the expiration of the extension no legal wrong is done to tax-payers.

A tax-payer's right to make payment after the return of taxes is the same after an extension of the time for making return as before except that it is made to a different officer.

Error to Saginaw. Submitted Oct. 5. Decided Oct. 18.

EJECTMENT. Plaintiff brings error. Affirmed.

*H. H. Hoyt* for appellant. A premature return of the tax roll by the tax-collector, after the time has been extended for collecting taxes will avoid all proceedings based on the return: Cooley on Taxation 307; *Ronkendorff v. Taylor* 4 Pet. 349; *Flint v. Sawyer* 30 Me. 226; where the public are given rights by a statute and the time is limited, they have a right to full time: Cooley Tax. 214; Dwarris Stat. 220; Sedgwick Const. Law 438; Blackwell Tax Titles 614.

*D. P. Foote* for appellee.

COOLEY, J. The validity of a sale for delinquent taxes is in issue in this case. The plaintiff claims the original title, and the defendant is owner of the tax title.

The sale was made for the taxes of 1872. For that year taxes were levied upon the land in controversy as follows: State, $1.62; county, $4.15; township, $2.10; highway,

$4; school, $6.53; total, $18.40. These were all returned delinquent, but before the time for enforcing payment by sale had arrived, all except the State tax were paid by Newell Barnard. The land then proceeded to sale for the State tax, and was bid in by Joseph M. Barnard, through whom defendant claims. The sum for which the land was sold was $1.94.

It is claimed on the part of plaintiff that the thirty cents which were added to the State tax to make up the sum for which sale was made, was added by way of penalty, under the statute which permits the addition of thirty per centum per annum under the name of interest: Comp. L. § 1036; and it is denied that the Legislature has any power to impose such a penalty. The question which this contention makes was referred to in *Silsbee v. Stockle* 44 Mich. 562, 571, but we do not think it is distinctly presented by this record. It does not clearly appear for what the thirty cents were added to the State tax, and it is presumable that they were added for some other reason. The statutes provide for the cost of advertising, sale and conveyance being added to the tax in making up the sum for which sale shall be made, and the record does not exclude the possibility that the sum was. made up by additions which were unquestionable, though the inferences may be against it. We must assume in the absence of any clear showing to the contrary that the addition was lawfully made.

It is further claimed that the return of the taxes was prematurely made. Under the statute the return should regularly have been made February 1, 1873, but the township board, under the authority conferred upon it by law, extended the time to March 1, 1873. The return was actually made February 28. The plaintiff contends that the extension is for the benefit of the tax-payers; but we think it is rather for the benefit and convenience of the collector. This is made very clear by the statute which declares that the collector shall not have the benefit of the extension until he shall have paid over to the county treasurer the moneys collected by him up to the first day of February.

49 Mich.—18

Comp. Laws § 1004. The extension, then, depends upon the collector's will. No doubt an incidental benefit to the tax-payers is usually contemplated when such an extension is made, for it enables the collector to be indulgent; but he is not obliged to wait upon them for a day or an hour, and may proceed to collect as speedily as he sees fit. If, therefore, the return was sooner than it needed to have been made, nobody was wronged by it. The right to make payment after return was the same as before; the tax-payer would only make it to a different officer.

As no other defects in the sale are pointed out, the judgment must be affirmed with costs.

The other Justices concurred.