HENRY H. GAGE

*v.*

JOHN WILLIAMS.

*Filed at Ottawa November 13, 1886.*

1. REMOVING CLOUD UPON TITLE—*of the possession required in order to avail of the remedy.* In order to give a court of equity jurisdiction of a bill to set aside a deed as a cloud upon title, the complainant must show that he is in possession of the land.

2. The agent of the owner of the title to a lot of land, finding the same unoccupied, and without improvements thereon, except an old fence, with bars down on the ground, so that any one might go upon it, entered, and put up the bars so as to complete the inclosure of the lot, and nailed a board upon a tree thereon, announcing that the premises were for sale, and calling attention to himself, as such agent: *Held,* that these acts of the agent constituted possession of the lot, so as to authorize the owner to maintain a bill to remove a cloud from the title.

3. SAME—*defective tax title.* Where the judgment against a lot for taxes is for too large an amount, a sale thereunder and deed will pass no title, and such deed may be set aside as a cloud upon the title of the owner.

4.  TAXATION—*judgment for taxes—computing interest upon penalties.*
Prior to the act of 1879, amendatory of the Revenue law, in ascertaining for
what amount a judgment for delinquent taxes should be rendered, interest
was not to be computed upon penalties which might have accrued, but only
upon the amount of tax due.

APPEAL from the Superior Court of Cook county; the Hon.
GWYNN GARNETT, Judge, presiding.

.  Mr. AUGUSTUS N. GAGE, for the appellant:

A bill to remove a cloud from title will not lie unless the
complainant is in possession, or the land is unimproved or
unoccupied.    *Gage* v. *Abbott,* 99 Ill. 366.

Mr. GEORGE A. DUPUY, for the appellee:

To constitute possession, any act done evincing to the
neighborhood that the land is appropriated to individual use,
is sufficient.    *Brooks* v. *Bruyn,* 24 Ill. 380 ; *Morrison* v. *Kelly,*
22 id. 624.

In *Hatch* v. *Bryan,* 39 Ill. 552, it was held that a sale-board
and a sidewalk were evidences of possession.

The tax judgment against the lot, for the non-payment of
which it was sold, was for too large a sum.    *McCree* v. *Gale,*
93 Ill. 127 ;    *Trust Co.* v. *Weber,* 96 id. 346.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

This was a bill, filed by appellee against appellant in the
Superior Court of Cook county, to remove a tax deed, held by
appellant, as a cloud upon the title of appellee to lot 15 in
block 14 in Ravenswood, in Cook county.  The Superior Court
entered a decree, granting the prayer of the bill, and appel-
lant appeals to this court.

The first question is, whether appellee was in possession
of the lot, when he filed his bill.    Having alleged, that he is
in possession, he must prove that allegation, in order to give
a court of chancery jurisdiction.    (*Gage* v. *Abbott,* 99 Ill. 366.)
The proof is conflicting, but, after a careful examination of

it, as set out in the record, we think, that the allegation was sufficiently maintained.

The appellee established his ownership of the lot, by showing a regular chain of title from the government to himself. In March 1885, and before the filing of this bill, his agent went to the property, and found it unoccupied. There were no improvements upon it. It was enclosed by a fence, in which there had been made an opening, protected by movable bars. The bars were on the ground, covered by snow, and the property was accessible to whatever person might choose to enter upon it. So far as the fence, which had been there for many years, was located upon the lot in question, it passed with the title to appellee, and was his own property. The agent placed the bars in the opening, so as to complete the enclosure, and nailed a board upon one of the trees on the premises, announcing, that the lot was for sale, and calling the attention of the public to himself, as appellee's authorized representative. Under all the circumstances of the case, we think, that these acts constituted such possession, as authorized the filing of the bill.

In 1869, the lot had been owned by one Goslee, through whom appellee derives his title. Martin Van Allen, who lived opposite the property, had charge of it for Goslee from 1869 down to the fall or winter, immediately preceding the month of March, in which appellee's agent, Dupuy, took possession. As Goslee's representative and tenant, Van Allen used the premises, whenever he needed them, as a pasture for his horses. Some time in 1881, he seems to have taken a lease from appellant, with no apparent intention of deserting Goslee, his landlord, but for the purpose of circumventing one Bowen, who owned lots 5 and 6 in block 14, and claimed to have some right to use lot 15. Taking a lease is not, by itself, an act of possession. If Van Allen ever had possession under such a lease, he certainly abandoned it, because, after the execution of the lease, his son was in possession for as much as a year,

using the premises, as a pasture for his own cattle, and claim-
ing to hold under Bowen. The weight of the testimony is in
favor of the position, that, when Van Allen did use the lot,
such use was in subordination to the rights of Goslee, appel-
lee's grantor. But, whether this be so or not, the proof tends
very conclusively to show, that, for some time prior to March
1885, the possession of lot 15 had been abandoned and that
said lot had not been used, as a pasture, or for any other pur-
pose by Van Allen or his son or by any body else, except that
one Brown, who lived near, had been in the habit of driving
over it, through the opening referred to, to reach his home.

The next question has reference to the validity of the tax
deed, sought to be set aside. Counsel for appellant presents
no argument in reply to the objections, urged against the tax
deed, but rests his case solely upon the position, that com-
plainant did not show himself to be in possession. The Su-
perior Court, in its decree, found the deed to be invalid upon
four or five different grounds. Without commenting upon all
of them, we will only notice one, which, we think, was sufficient
to set the deed aside. The judgment against the lot, for the
non-payment of which it was sold at tax sale, on October 3,
1878, was for too large an amount. (*McLaughlin* v. *Thomp-
son,* 55 Ill. 249.) It was rendered long before the amend-
ments of 1879 to the Revenue act went into force, to-wit: at
the July term 1878 of the county court of Cook county, and
embraced forfeited taxes of several preceding years, as well
as the taxes for the then current year. In ascertaining the
amount, for which such judgment should be rendered, ten
per cent interest was computed not only on the amount of
tax due, but also upon the penalties, which had accumulated
each year. The interest should have been limited to and
computed only on the tax. We so held in *The People ex rel.*
v. *Gale,* 93 Ill. 127.

The decree of the Superior Court is affirmed.

                                        *Decree affirmed.*