| 58 | 489 |
| 70 | 165 |

THE STATE, JOHN RELLSTAB, PROSECUTOR, v. THE MAYOR, &c., OF THE BOROUGH OF BELMAR.

1. On *certiorari* to review the assessment of taxes, the legality of the corporation of the borough cannot be challenged.
2. The borough has power to assess taxes and to sell real estate for unpaid taxes, with legal interest.
3. The sale in this case having been made for the unpaid taxes, with twelve per cent. interest, was illegal.

---

On *certiorari.*

Argued at November Term, 1895, before Justices DEPUE, VAN SYCKEL and GUMMERE.

For the plaintiff, *Buchanan & Rellstab.*

For the defendants, *Halsted H. Wainright.*

The opinion of the court was delivered by

VAN SYCKEL, J.  The writ in this case brings up for review borough taxes assessed upon real estate of the prosecutor in Belmar for the years 1892, 1893 and 1894, and also the proceedings under which sale of said real estate was made on the 14th of December, 1894, for the taxes of 1892.

In this proceeding the legality of the incorporation of Belmar as a borough cannot be challenged. *Campbell* v. *Wainwright*, 21 *Vroom* 555; Kennedy et al. *v.* Belmar, memorandum decision in Supreme Court, June, 1893.

Belmar was incorporated under the Borough act of March 12th, 1890. *Pamph. L., p.* 58; *Gen. Stat., p.* 225.

The legal existence of the borough, with the powers granted by the act of 1890, must be assumed in this controversy.

Section 18 of that act gives the borough power to assess taxes, and section 23 provides that the assessor shall assess and the collector collect the taxes in the same manner as township assessors and collectors are required by law to assess and collect, and in case of non-payment gives the like power to enforce the collection thereof.

These provisions amply provide for the sale of lands for taxes under and in accordance with the act of March 14th, 1879. *Gen. Stat., p.* 3354, § 338.

This act and its supplement, approved April 2d, 1888 (*Gen. Stat., p.* 3359, § 368), direct that the real estate shall be sold for the unpaid tax, with lawful interest, which is six per cent.

The ninth section of the act of 1879 applies only in case of redemption after sale.

The prosecutor's lands in this case were sold for the unpaid taxes, costs and twelve per cent. interest.

When part of a tax is illegal, all proceedings to collect it must be void, as it is impossible to separate what is legal from what is illegal. *State, Dixon* v. *Jersey City*, 8 *Vroom* 39.

The sale for taxes was, therefore, illegal and must be set aside, but the assessment of the taxes is valid and is affirmed.