THE SINGER MANUFACTURING COMPANY v. JAMES MOR-
RISON, TREASURER OF THE CITY OF ELIZABETH,
ET AL.

Submitted June 10, 1903—Decided November 9, 1903.

By force of the act of March 28th, 1895 (*Pamph. L., p.* 760), where
an assessment is reduced by the state board of taxation on the
application of the taxpayer, interest must be paid on the sum
fixed by the state board from the time of the original assessment
until it is paid, at the rate of ten per centum per annum. The
general law of 1878 (*Pamph. L., p.* 12), which applies to all
cities, controls the rate of interest.

On application for *mandamus.*

Before Justices VAN SYCKEL and FORT.

For the Singer company, *De Witt Van Buskirk.*

For the city, *C. Addison Swift* and *Frank Bergen.*

The opinion of the court was delivered by

VAN SYCKEL, J. This is an application for a writ of *man-
damus,* commanding the city treasurer of Elizabeth to accept
the sum of $33,628.11 in full payment of the taxes assessed
against the real and personal estate of the said company for
the year 1902.

It is agreed that the principal sum of said taxes is
$32,856, to which it was reduced on appeal to the state board
of taxation, and that the Singer company, on the 5th of
March, 1903, tendered to said city treasurer the aforesaid
sum, with interest thereon at the rate of six per cent. from
the 20th of October, 1902, to March 10th, 1903, amounting
to $33,628.11.

The city treasurer refused to accept said sum, but de-
manded interest at the rate of ten per cent. from October
20th, 1902, to March 10th, 1903.

By the charter of the city of Elizabeth taxes are payable on or before October 20th in each year.

On the 14th of March, 1903, the said company paid to the city treasurer $32,000 on account of said taxes without prejudice.

The question in the case is whether the relator should pay interest at the rate of six per cent. or ten per cent. on the taxes falling due October 20th, 1902.

The charter provision of the city of Elizabeth is amended by the act of 1878 (*Pamph. L., p.* 12; *Gen. Stat., p.* 3395), which imposes interest at the rate of ten per cent. upon unpaid taxes in all cities.

The act of March 11th, 1895 (*Pamph. L., p.* 260, §§ 1, 2), provides that where an appeal is made to the state board of taxation and the tax is either reduced or increased, the party whose tax has been reduced or increased shall have thirty days from the date of the signing of the order by the state board in which to pay the corrected amount of tax without any additional interest or penalties on such amount adjusted or ordered by the state board.

This act does not forego interest on the sum found due up to the date of correction by the state board, but gives thirty days to pay without additional interest, nor does it repeal the act of 1878, giving interest at the rate of ten per cent.; it simply arrests the operation of that act and the running of interest for thirty days.

The legislature passed another act on the 28th of March, 1895 (*Pamph. L., p.* 760), amending the General Tax act of 1891, which provides that where complaint shall be made to the state board, in writing, by any person or corporation aggrieved at the assessment of taxes on his or its property, the said board shall have power to review and correct the action of the local assessors by reducing such assessment; such review and reduction may be made of any assessment thereafter to be made or any assessment which shall have been made within one year before the filing of the complaint for the review and reduction of the same; and all assessments so reviewed shall bear interest from the time fixed by the law

under which said assessments were originally made and levied until paid upon the amounts so fixed and determined by said board.

This act of March 28th, 1895, repeals the first section of the act of March 11th, 1895, so far as the latter act gives thirty days without interest.

The act of March 28th, 1895, makes the tax as reduced by the state board subject to the payment of interest from the time fixed by law, under which the assessment was originally made, on the amount found to be due by the state board until it is paid.

The only law as to interest on this tax is the act of 1878, before referred to, which makes the rate ten per cent. per annum. The subject of interest being dealt with in a tax act, it must be presumed, in the absence of any language indicating a contrary intention, that it related to the law as to interest, which applies to overdue unpaid taxes.

The usury law does not apply to taxes and there is no act declaring that in this case the legal rate of interest, as fixed by that act, shall apply.

In *Rellstab* v. *Belmar,* 29 *Vroom* 489, the Supreme Court construed the provisions of the Borough act in connection with section 1 of the act of 1888 (*Gen. Stat., p.* 3359, *pl.* 368), making taxes a lien after December 20th together with lawful interest thereon accrued.

Lawful interest was held to be six per cent., there being no statute relating to townships and boroughs fixing any greater lawful interest prior to sale and redemption.

In the present case the act of 1878 declares that ten per cent. shall be lawful interest in all cities on taxes in arrears. Any other construction will enable delinquent taxpayers to arrest the running of the ten per cent. penalty by simply appealing to the state board, thereby practically defeating the object of the act of 1878.

The tender in this case was not made until March 5th, 1903, and then the full amount due was not tendered, and therefore it had no effect upon the running of interest.

The city is entitled to the sum to which the tax was reduced

by the state board, with interest at ten per cent. from October 20th, 1902, to the time of payment, allowance to be made to the company for the sum which has been paid to the city treasurer.

The *mandamus* is denied, with costs.