Argued October 14, decided December 7, 1909.

## STITT v. STRINGHAM.

[105 Pac. 252.]

MORTGAGES—ASSIGNMENT—TRANSFER OF NOTE.

1. An indorsee of a note secured by a mortgage is the owner of the mortgage without a further assignment thereof.

TAXATION—TAX DEED—PRESUMPTIONS.

2. A *prima facie* presumption of regularity of the assessment, levy, and sale created by the offer in evidence of a tax deed raised by Section 2823, Hill's Ann. Laws 1892, may be overcome by recitals in the deed itself which controvert the regularity of any essential step in the proceedings.

TAXATION—ASSESSMENT—DESIGNATION OF OWNERSHIP.

3. An assessment of land to "E. R. Tyrrel, and to all owners and claimants, known and unknown," was alternative and void.

TAXATION—DELINQUENT TAXES—COLLECTION—INTEREST.

4. Under Section 2814, Hill's Ann. Laws 1892, providing for the collection of delinquent taxes, such taxes did not bear interest.

TAXATION—DELINQUENT TAXES—INTEREST.

5. A landowner's obligation to pay taxes not being founded on contract, express or implied, delinquent taxes do not bear interest, in the absence of an express statutory provision imposing it.

TAXATION—TAX LIENS—PRIORITY.

6. Under the law existing in 1892, a mortgage lien on land was prior in right to a subsequent lien for taxes.

SUBROGATION—RIGHT OF VENDEE—LIENS—PAYMENT.

7. Subrogation may be applied in favor of a vendee who, though not personally liable, has paid·the vendor's debt, which is a charge on the land, and which, if not paid, may cause the vendee to lose his interest therein.

MORTGAGES—SATISFACTION—EXISTENCE OF OTHER LIEN.

8. The fact that an intervening lien was of record when defendants, being the owners of a tax title on the land, purchased and satisfied a prior mortgage, did not preclude them from alleging and proving that they were ignorant of the existence of such intervening lien when the prior mortgage was released.

VENDOR AND PURCHASER—BONA FIDE PURCHASERS—RIGHTS AS AGAINST
        MORTGAGE—RECORDED SATISFACTION.

9. Where the record showed that a prior mortgage had been satisfied without showing by whom payment was made, a subsequent purchaser, having no other notice than the record, could assume that payment was made by the party owing the primary duty to pay under Section 788, subd. 20, B. & C. Comp., providing that, in the absence of evidence to the contrary, it would be presumed that the ordinary course of business had been followed.

SUBROGATION—BONA FIDE PURCHASERS—RIGHTS AS AGAINST MORTGAGE—
        RECORDED SATISFACTION.

10. The fact that it appeared of record that, had some other person than ·
the mortgagor made payment of a mortgage which had been satisfied of record, he would have been entitled to subrogation, did not put a subsequent purchaser on inquiry to ascertain if such other person did not make it.

SUBROGATION—PERSONS AS AGAINST WHOM ENFORCED—BONA FIDE PUR-
        CHASER.

11. Where plaintiff purchased a mortgage on the faith of the record showing the discharge of a prior mortgage and no prior incumbrances, and had no notice that defendant, the owner of a tax title on the property, had paid such prior mortgage and satisfied it of record, relying on the validity of his tax title, plaintiff was a *bona fide* purchaser, whose rights could not be postponed by subrogating defendant to the rights of the prior mortgagee on its being subsequently adjudicated that his tax title was void.

From Marion:   WILLIAM GALLOWAY, Judge.

Statement by MR. JUSTICE SLATER.

This suit was brought to foreclose a mortgage upon the N. ½ of S. W. ¼ of Section 10, Township 7 South, Range 1 East of Willamette Meridian, in Marion County, executed on December 16, 1895, by the defendant William N. Stringham, in favor of Charles E. Bennett, to secure the indebtedness of the former to the latter, evidenced by his promissory note for the sum of $240, with interest at

10 per cent per annum from the above date, with a provision for reasonable attorney's fee for collection. In addition to the usual allegations in such cases, it is averred in substance: That the note and mortgage were thereafter sold and assigned to the plaintiff by Thomas McCusker, the duly appointed and acting administrator of the estate of Charles E. Bennett, deceased; that, at the time of the suit, plaintiff was the owner and holder of the mortgage and note; that no payment had been made; and that $50 was a reasonable amount to be allowed for attorney's fee. Charlotte Ross and W. E. Ross, her husband, were made defendants, it being averred as to them that they claimed some interest in the mortgaged property, but that such interest, if any, was junior and inferior to the lien of plaintiff's mortgage.

Stringham defaulted; but defendants Ross answered, admitting that Charlotte Ross claimed to be the owner of the land in question, but denying all other averments of the complaint. They then set up three affirmative defenses: First, that Charlotte Ross is the absolute owner of the mortgaged premises by virtue of a tax sale and deed; second, that by right of subrogation she holds a mortgage upon the premises prior and superior to plaintiff's mortgage, and notwithstanding the former had been released of record, it should be reinstated and foreclosed in her favor; and, third, that Stringham was not the owner of the mortgaged premises at the time he made plaintiff's mortgage.

The reply put at issue the new matter of the answer, and averred that plaintiff purchased the note and mortgage in suit for value and without notice of defendant's equities. The cause was tried in October, 1906, and in July, 1907, the court found that the tax title was valid, and entered a decree for the defendants, from which plaintiff has appealed.     REVERSED.

For appellant there was a brief over the names of Mr. Richard W. Montague and Mr. Henry J. Bigger with an oral argument by Mr. Montague.

For respondent there was a brief over the names of Mr. George G. Bingham and Mr. Loring J. Adams with an oral argument by Mr. Bingham.

MR. JUSTICE SLATER delivered the opinion of the court.

1. Plaintiff offered, in evidence, Stringham's note, indorsed in blank by McCusker, as administrator of the estate of Charles E. Bennett, deceased, accompanied by a written assignment of the mortgage. Objection was made to the admission of the latter, upon the general ground that it was not competent. It is now urged more specifically: (1) That the instrument offered as proof of an assignment showed upon its face an apparent erasure of the name of another and different assignee, and the substitution of plaintiff's name therefor, and that, before the instrument could be received in evidence, plaintiff was bound to offer some explanation as to when, by whom and under what circumstances the alteration was made, and, as he failed to do that, it is not admissible; and (2) that proof of its execution should be made by the subscribing witnesses, which was not done. Even if these objections were well and timely taken by defendant, still plaintiff has in evidence the note, duly indorsed by the personal representative of the payee thereof, and under the case of Barringer v. Loder, 47 Or. 223 (81 Pac. 778), that is sufficient to carry with it the ownership of the mortgage given to secure its payment.

2. Defendant offered in evidence, a tax deed from the sheriff of Marion County to her grantor, P. H. Marlay, executed on December 6, 1898, and recorded on March 25, 1899. It was objected to by the plaintiff as incompetent, because it showed upon its face: (1) That the assessment upon which it was based was void; and (2) that the

sale was void. No evidence of the facts, constituting the assessment, levy, or sale, was offered; but defendant relied upon the *prima facie* presumption of the regularity thereof, raised by the offer of a deed. Section 2823 Hill's Ann. Laws 1892. This presumption, however, may be overcome by recitals in the deed itself which controvert the regularity of any essential step in the assessment, levy or sale.

3. The first objection arises from a recital in the deed that "the said real property was duly assessed for the fiscal year 1894 to the said E. R. Tyrrel, and to all owners and claimants, known and unknown." In the case of *Lewis* v. *Blackburn,* 42 Or. 114 (69 Pac. 1024), concerning an assessment of land made to "unknown owner, and to all owners and claimants, known and unknown," it was held that an assessment cannot legally be made in the alternative, either to owners known or unknown, but that it must be made definitely to one or the other, and, unless so made is void. The only difference between the facts of that case and the one now presented is that here the name "E. R. Tyrrel" is inserted as owner and joined to and accompanied by an uncertain description as to ownership. It is admitted that the person named was then the owner, and it is claimed by counsel for defendant that the difference is vital and sufficient to save the case from the ruling in *Lewis* v. *Blackburn.* It appears, however, that the cases from the state of California, on which the decision in that case was based, are identical in facts with the case now presented. In *Grotefend* v. *Ultz,* 53 Cal. 666, the assessment was to "D. B. Matlock and to all owners and claimants known and unknown," and it was declared void. This was the leading case, and was followed in *Grimm* v. *O'Connell,* 54 Cal. 522, where the facts were the same.

4. The second objection made by plaintiff arises from the recital in the deed that the sale was made "to pay the

taxes assessed, as aforesaid, to the said E. R. Tyrrel, with costs, charges, and interest accruing thereon." Interest upon delinquent taxes was not collectible by the law then in force. Section 2814 Hill's Ann. Laws 1892. Hence it is an unlawful charge, unless so made by statute.

5. Taxes are not "debts" within the legal meaning of that term. *Whitaker* v. *Haley,* 2 Or. 128, 140. "They are not founded upon contracts, either expressed or implied. Hence the incident of interest is not one which will attach to them, although they become payable on a day certain, either by the common law or by statutes allowing interest upon debts. Nothing but an express declaration of law that taxes shall bear interest will authorize the charging of interest upon them. It follows that if interest is included in the amount for which land is sold at tax sale, when no statute specifically authorizes it, the sale will be void." Black, Tax Titles (2 ed.) § 236. And when a greater rate is exacted than that allowed by law the sale is held void. *Gage* v. *Williams,* 119 Ill. 563 (9 N. E. 193) ; *Lufkin* v. *Galveston,* 73 Tex. 340 (11 S. W. 340) ; *Rellstab* v. *Belmar,* 58 N. J. Law, 489 (34 Atl. 885.) The deed in question was void, and through it defendant Charlotte Ross could acquire no title to the premises.

6. She also avers in her answer, in effect: That, at the time she took from P. H. Marley a conveyance of his tax title, she also procured to be transferred to her a note (executed on March 30, 1892, by E. R. Tyrrel, who was then the owner of the real premises described in the complaint) for the principal sum of $178.16, together with a mortgage, given to seure the same, upon 160 acres of land, which included the 80 acres described in plaintiff's mortgage and in the tax deed; that she became the owner of the mortgage and the lien created by the same; that she did not take a formal assignment of the mortgage, but, believing herself to be the absolute owner of the land

covered by the mortgage, and having no notice or knowl-
edge of the existence of plaintiff's mortgage, she procured
on July 2, 1901, from the owner of said mortgage, and
caused to be recorded September 20, 1902, a satisfaction
thereof; that the said note and mortgage were not paid
by the mortgagor, E. R. Tyrrel, or by any one for him;
but that the acknowledgment of payment was secured by
defendant for the purpose of leaving her in possession of
the absolute title to the premises; and she asks that, in
the event it should be determined by this court that she is
not the owner thereof by reason of her tax title, the
amount of said note be decreed due her, and the mortgage
be a first lien upon the land and be foreclosed. The note
and mortgage in question were given long prior to the
date of the assessment and levy of the tax for which the
land was sold, and therefore, although the assessment and
sale were in all respects valid under the law as it then
was, the title thereby acquired would be subject to the
lien of the prior mortgage: *Middleton* v. *Moore,* 43 Or.
357 (73 Pac. 16) ; *Ferguson* v. *Kaboth,* 43 Or. 414 (73
Pac. 200: 74 Pac. 466.)

7. The question then presented is whether, under all
the circumstances of the case, the defendant is still enti-
tled, in equity, to be substituted in the place of the mort-
gagee, as the owner of the mortgage. Did she, by the
fact of payment, become the equitable assignee of the
security, and entitled to enforce it for her own reim-
bursement and the protection of her supposed interest in
the land? She was not personally liable to pay the debt,
and a mere volunteer is not entitled to the aid of a court
of equity; but the equitable doctrine of subrogation is
frequently applied in favor of a vendee, who, although
not personally liable, has paid the debt of another, which
is a charge upon the land, and which, if not paid, might
cause him to lose his interest therein. "Under such
circumstances," says Mr. Justice VANN, in *Arnold* v.

*Green,* 116 N. Y. 566, 572 (23 N. E. 1, 2), "the debt, although paid and satisfied in form, is regarded in equity as neither paid nor satisfied in fact; but by operation of law the former holder ceases to be the creditor, while the person paying takes his place as owner of the debt and security unimpaired. Where, within the limitations suggested, benefit may result to the person paying without injury to the person who should pay, equity casts the burden upon the latter, who ought, in fairness, to bear it, provided it will not work injustice or disturb the rights of other creditors of a common debtor."

8. The contest here is between a prior mortgage, recorded April 6, 1892, which was satisfied of record July 2, 1901, and a second mortgage, recorded December 23, 1895, which was assigned to the plaintiff after the satisfaction of the first had been recorded. The fact that the intervening lien was of record does not preclude the defendant from alleging and proving that she was in fact ignorant of its existence when she caused the first mortgage to be released: *Pearce* v. *Buell,* 22 Or. 29, 35 (29 Pac. 78) ; *Kern* v. *Hotaling,* 27 Or. 205, 213 (40 Pac. 168 : 50 Am. St. Rep. 710) ; *Capital Lumbering Co.* v. *Ryan,* 34 Or. 73 (54 Pac. 1093.)

9. The recorded certificate of release does not disclose by whom payment was made, but merely acknowledges payment and discharge, and it is not alleged, or attempted to be shown, by the defendant, that plaintiff had any other notice or knowledge than that disclosed by the record, as to who, in fact, did make payment thereof. Where the record shows a prior mortgage has been satisfied, without showing by whom payment was made, a purchaser, having no other notice than the record, may assume that payment was made by the party owing the primary duty to pay. *Ahern* v. *Freeman,* 46 Minn. 156 (48 N. W. 677 : 24 Am. St. Rep. 206.) This would result from the presumption that the ordinary course of busi-

ness has been followed. Section 788, subd. 20, B. & C. Comp.

10. The fact that it appears of record that, had some other person made payment, he would have been entitled to subrogation, does not put the purchaser upon inquiry to ascertain if such person did not make it. 1 Jones, Mortgages (6 ed.) § 877*a*.

11. The plaintiff having purchased his mortgage on the faith of a record showing the discharge of the first mortgage and no prior incumbrances, and having no notice of the defendant's payment of the first mortgage, he stands in the position of a *bona fide* purchaser, whose rights cannot be postponed to aid the defendant, by whose carelessness a record was made, calculated to deceive and injure plaintiff: 1 Jones, Mortgages (6 ed.) § 877*a*.

Therefore the decree of the lower court will be reversed and one entered here declaring the plaintiff's mortgage to be a first lien upon the premises described therein for the amount due upon the note secured thereby, viz., the sum of $240, with interest thereon at 10 per cent per annum from December 16, 1895, and foreclosing the same. The note provides for the allowance of a reasonable attorney's fee, and the sum of $50 is claimed in the complaint. It was stipulated at the trial that no evidence need be offered on that issue, that the matter be submitted to the judgment of the court, and that whatever sum it should find reasonable should be deemed proven. The sum claimed is deemed to be reasonable and is allowed as a part of the judgment. The plaintiff is allowed costs and disbursements in this court and in the court below.

REVERSED.