[No. 1380.   September 1, 1911.]

A. STRAUS, Appellant, v. W. L. FOXWORTH, Appellee.

SYLLABUS (BY THE COURT).

1.   A tax certificate issued under Laws 1899, Chapter 22, Section 31, providing for the sale without a judgment of court, of property for delinquent taxes for amounts less than twenty-five dollars, vests a title in the purchaser which can be invalidated only on the grounds that the taxes, penalties, interest and costs had been paid before the sale, or that the property was not subject to tax, and not for irregularities in the proceedings leading up to the sale, unless they are fraudulent or amount to jurisdictional defects.

Appeal from the District Court for Quay County, before E. R. WRIGHT, Associate Justice.   Affirmed.

REID & HERVEY for Appellant.

Statutes authorizing the sale of property for non-payment of taxes must be construed strictly in favor of the citizen. 36 Cyc. 1190; Laws 1899, chap. 22, sec. 25; Parker v. Overman, 18 How. 137; C. L. 1897, secs. 4079, 4080, 4084, 4091; Cooley on Taxation, 3 ed. 936; Games v. Stiles, 14 Pet. 322; Martin v. Barbour, 34 Fed. Rep. 701; Rustin v. Merchants, etc. Co., 23 Col. 351; Salinger v. Gunn, 61 Ark. 414; Martin v. Allard, 55 Ark. 218; Coit v. Wells, 2 Vt. 318; Bannon v. Barnes, 39 Fed. 895; Murray's Lessee v. Improvement Co., 18 How. 276; Lufkin v. Galveston, 11 S. W. Rep. 340; McCready v. Sexton, 29 Ia. 356; Treadwell v. Patterson, 51 Cal. 637; Huse v. Merrim, 2 Greenl. 375; Case v. Dean, 16 Mich. 12; Martin v. Barber, 140 U. S. 644; Cooley on Taxation, 3 ed. 518; Marx v. Hanthorn, 148 U. S. 172; DeTreville v. Smalls, 98 U. S. 517; Keeley v. Sanders, 99 U. S. 441; 12 U. S. Statutes 422, 640; 2 Cooley on Taxation 899.

A tax deed can not be made conclusive evidence of title in the grantee. Marx v. Hanthorn, 148 U. S. 172; Taylor v. Deveaux, 100 Mich. 581; McKinnon v. Weston, 104 Mich. 642; Weeks v. Merkle, 6 Okla. 714; Wilson v. Wood, 61 Pac. Rep. 1045, Okla.; Kelly v. Ferrall, 20 Fed. Rep. 364; Bannon v. Burns, 39 Fed. Rep. 892; McCready v. Sexton, 29 Iowa 356; Railroad Co. v. Galvin, 85 Fed. Rep. 811; Cairo etc. R. Co. v. Parks, 32 Ark. 131; Little Rock etc. R. Co. v. Payne, 33 Ark. 816; Wampole v. Foote, 2 Dak. 1; Dickerson v. Acosta, 15 Fla. 614; White v. Flynn, 23 Ind. 46; Corbin v. Hill, 21 Iowa 70; Powers v. Fuller, 30 Iowa 476; Taylor v. Miles, 5 Kas. 498; Baumgardner v. Fowler, 82 Md. 631; Groesbeck v. Seeley, 13 Mich. 329; Case v. Dean, 16 Mich. 12; Dawson v. Peter, 119 Mich. 274; Abbott v. Lindenbauer, 42 Mo. 162; Roth v. Gabert, 123 Mo. 29; Wright v. Cradlebaugh, 3 Nev. 341; Young v. Beardsley, 11 Paige 493; East Kingston v. Fowle, 48 N. H. 57; Sheets v. Paine, 86 N. W. Rep. 117, N. D.; Dever v. Cornwell, 86 N. W. Rep. 227, N. D.; Strode v. Washer, 17 Or. 50; Mather v. Darst, 13 S. D. 75; Harness v. Cravens, 126 Mo. 233; Bettison v. Budd, 21 Ark. 578; Shimmin v. Inman, 26 Me. 332; Del Castillo v. McConnico, 163 U. S. 674; Alvord v. Col-

lin, 20 Pick. 418; Workingman's Bank v. Lannes, 30 La.
Ann. 871; Turpin v. Lemon, 187 U. S. 551; Pierce v.
Engelkemeier, 61 Pac. 1046, Okla.; Martin v. Barbour,
34 Fed. Rep. 701; Tracy v. Reed, 38 Fed. Rep. 69; Bannon
v. Burns, 39 Fed. Rep. 892; Davis v. Minge, 56 Ala. 121;
Oliver v. Robinson, 58 Ala. 46; Radcliffe v. Scruggs, 46
Ark. 96; Townsend v. Martin, 55 Ark. 192; Cooper v.
Freeman Lumber Co., 61 Ark. 36; Ramish v. Hartwell,
126 Cal. 443; Dickerson v. Acosta, 16 Fla. 614; Man-
guiar v. Henry, 84 Ky. 1; Larson v. Dickey, 39 Neb. 463;
Roberts v. First Nat. Bank, 8 N. D. 504; Simpson v.
Meyers, 197 Pa. St. 522; Salmer v. Lathrop, 10 S. D. 216;
State v. Dugan, 105 Tenn. 245; Virginia Coal Co. v.
Thomas, 97 Va. 527.

Where property is sold for more than is due, whether
the excess is due to an illegal levy or illegal penalties,
and costs, the officer has no jurisdiction to sell, and it is
void notwithstanding curative statutes. Lufkin v. City
of Galveston, 11 S. W. Rep. 340; Treadwell v. Patterson,
51 Cal. 637; Huse v. Merrim, 2 Greenl. 375; Case v.
Dean, 16 Mich. 12; Eustis v. Henrietta, 91 Tex. 325;
Alexander v. Gordon, 101 Fed. 91; Ensign v. Barse, 107
N. Y. 329; Harper v. Rowe, 53 Cal. 233; Warden v.
Brown, 98 Pac. 252, Cal.; Devoe v. Cornell, 10 N. D. 123.

Sale was void because it was made at a time not
authorized by statute. Redfield v. Parks, 132 U. S. 239;
Coulton v. Stafford, 56 Fed. 569; Rickett v. Knight, 16
S. D. 395; Rush v. Lewis & Clark Co., 95 Pac. 836,
Mont.; Hannerkratt v. Hamil, 10 Okla. 219; Magill v.
Martin, 14 Kas. 7; Dyke v. White, 17 Colo. 296; Laws
1899, chap. 22, sec. 23.

R. P. Barnes and Hawkins & Franklin for Ap-
pellant, by special leave of court.

Curative statutes in tax legislation. Cooley on
Taxation, 297; Laws 1897, secs. 4092, 4101; Laws 1899,
chap. 22; Ontario Land Co. v. Yordy, 212 U. S. 152;
Shipley, v. Gaffner, 93 Pac. 211, Wash.; Keely v. Sanders,

99 U. S. 441; De Treville v. Smalls, 98 U. S. 517; Marx v. Hanthorn, 148 U. S. 172; R. S. U. S., sec. 3224.

Statute of Limitations. Saranac Land & Timber Co. v. Roberts, 177 U. S. 318; Turner v. New York, 168 U. S. 90; Callahan v. Hurley, 93 U. S. 387.

Tax statutes must be construed strictly. French v. Edwards, 13 Wall. 506; Lyon v. Alley, 130 U. S. 184; Rokendorff v. Taylor, 4 Pet. 349; Stead v. Course, 4 Cranch 403; Thatcher v. Powell, 6 Wheat. 119; Early v. Doe, 15 How. 610; Slater v. Maxwell, 6 Wall. 268; Games v. Dunn, 14 Pet. 322; Marx v. Hanthorn, 148 U. S. 172; Moore v. Brown, 18 How. 414.

HARRY H. McELROY, REED HOLLOMAN, C. C. DAVIDSON and DOUGHERTY & GRIFFITH for Appellee.

In matters of taxation, the federal courts will follow the rulings of the state courts. Bardon v. Land & River Imp. Co., 157 U. S. 327; Ballard v. Hunter, 204 U. S. 241.

Due process of law. King v. Mullens, 171 U. S. 404; King v. West Virginia, 216 U. S. 92; Fay v. Cozer, 217 U. S. 456; Saranac Land Co. v. Comptroller, 177 U. S. 318; Turner v. New York, 168 U. S. 90; DeTreville v. Smalls, 98 U. S. 517; Keely v. Sanders, 99 U. S. 441; Sherry v. McKinley, 99 U. S. 497; Springer v. U. S., 102 U. S. 586; Marx v. Hanthorn, 148 U. S. 184; Castillo v. McConnino, 168 U. S. 684; Witherspoon v. Duncan, 4 Wall. 210; Turpin v. Lemon, 187 U. S. 51; Spencer v. Merchant, 125 U. S. 345; Hiling v. Kaw Valley Railway. 130 U. S. 559; Hagar v. Reclamation District, 111 U. S. 701; Paulsen v. Portland, 149 U. S. 30; Martin v. Barber, 140 U. S. 644; Ontario Land Co. v. Yordy, 212 U. S. 152; Bannon v. Burns, 39 Fed. 895; Marsh v. Fulton Co., 10 Wall. 683; Railroad Co. v. Parks, 32 Ark. 131; Radcliffe v. Scruggs, 46 Ark. 96; Beggs v. Paine, 109 N. W. 327, N. D.; Gwyme v. Neiswander, 18 Ohio 400; Allen v. Armstrong, 16 Iowa 508; Callahan v. Hurley, 93 U. S. 387.

Notice. Railroad v. Commonwealth, 33 L. ed. U. S. 892; Laws 1899, chap. 22.

States as a general rule have the right of determining the manner of levying and collecting taxes. Memphis Gaslight Co. v. Shelly Co. Taxing Dis., 27 L. ed. U. S.; Witherspoon v. Duncan, 18 L. ed. 339; State v. Sponaugle, 43 L. R. A. 727; Railroad v. Kentucky, 29 L. ed. U. S. 414; Williams v. Supervisors, 122 U. S. 154; Keely v. Sanders, 99 U. S. 441; DeTreville v. Small, 98 U. S. 517; Callahan v. Hurley, 93 U. S. 387; Castillo v. McConnico, 168 U. S. 683; Springer v. U. S., 102 U. S. 594; Sherry v. McKinley, et al., 99 U. S. 330; Carson v. Titlow, 80 Pac. 299; State v. Whittescy, 50 Pac. 119, Wash.; Ontario Land Co. v. Yordy, 212 U. S. 152; Trust Co. v. Wall, 106 N. W. 160, Iowa; Sams v. King, 18 Fla. 557; Allen v. Armstrong, 16 Iowa 506; Rima v. Cowan, 31 Iowa 125; Virdin v. Bowers, 55 Miss. 1; In re Douglas, 41 La. Ann. 768; Henderson v. Ellerman, 47 La. Ann. 314; Winning v. Eakin, 28 S. E. 757, W. Va.; Moore v. Byrd, 23 S. E. 968; Turpin v. Lemon, 187 U. S. 551; Doremus v. Cameron, 22 Atl. 802 (N. J.); In re Lake, 40 La. Ann. 142; McMullen v. Anderson, 95 U. S. 37; Saranac Land & Timber Co. v. Roberts, 44 L. ed. 786.

Statute of Limitation. Cooley on Taxation 521; Turpin v. Lemon, 187 U. S. 51.

Construction of statute. New Lamp Chimney Co. v. Ansonia Brass & Copper Co., 91 U. S. 656; Ontario Land Co. v. Yordy, 53 L. ed. 449; Castillo v. McConnico, 168 U. S. 683; 36 Cyc. 1128; Minnie v. U. S., 13 Pet. 445; C. L. 1897, secs. 4022, 4100; 36 Cyc. 110; U. S. v. Ninety-Nine Diamonds, 139 Fed. 961; Laws 1899, chap. 22; Blackwell v. Bank of Albuquerque, 10 N. M. 561; Territory v. Perca, 6 N. M. 531.

## STATEMENT OF THE CASE.

The plaintiff was the owner of certain land in Quay County, title to which the defendant claimed to have obtained through certain tax certificates, followed by a tax deed, all given by the treasurer of said county. This

action was brought by the plaintiff against the defendant to remove the cloud on his title created by said tax deed. In his complaint he set up certain irregularities in the proceedings on which the sale for delinquent taxes, made March 5th, 1906, was based, alleging failure to comply with provisions of law bearing on the question of notice as to all but one, which was the sale of the land for the amount claimed to be due of $4.02, whereas the actual amount levied was $3.78. To the complaint the defendant demurred, alleging that the statutes of New Mexico do not permit a title acquired through a tax certificate issued under Section 31, ch. 22, Laws of 1899, to be attacked or invalidated except on the ground that the taxes, penalties, interest and costs had been paid before the sale, or that the property was not subject to the assessment, and that neither of these two grounds was set up in the plaintiff's complaint. The demurrer was sustained, the plaintiff elected to stand on his complaint and a judgment of dismissal was entered, from which the plaintiff appealed to this court.

The provisions of law which the appellee claims have the effect of limiting the right to attack tax titles, as above stated, are found in Section 25 of the Act above named construed in connection with other sections referred to in the opinion. Section 25 is as follows: "It is hereby made the duty of every person, firm or corporation, owning or having any interest, legal or equitable, in any real estate or other property, in this territory, on the first day of March of any year, to see that such property is properly listed for taxation on the assessment roll for such year in the county in which the same is situated; and if such property is described in the assessment roll and delinquent tax list for any year by such description as will serve to identify the same, the sale of such property for taxes as provided in this act shall not be void or set aside on account of any error or irregularity in listing the same upon such roll or list either as to the name or names of the owner or owners thereof, or by reason of its being listed in the name of the wrong person; and no bill of review or other action attacking the title to any property

sold at tax sale in accordance with this act shall be en-
tertained by any court, nor shall such sale or title be
invalidated by any proceedings except upon the ground
that the taxes, penalties, interest and costs, had been paid
before the sale, or that the property was not subject to
taxation. In case any tract or legal sub-division of real
estate, be sold as hereinbefore provided, upon a part of
which the taxes had been paid, such sale and certificate
shall nevertheless vest a complete and perfect title in the
purchaser and his assigns to such portion of said tract
or subdivision upon which the taxes had not been paid."

### OPINION OF THE COURT.

ABBOTT, A. J.—Counsel for the appellant claim,
in the first place, that Section 25, above quoted, should
be restricted in its application to errors and irregularities
in listing property for taxation, and was not meant to
apply to defects in the assessment, advertisement and sale
of land for taxes. The fact that immediately before the
words which specifically limit the right of attack, there
is a limitation of the effect of irregularities in listing does
not, we think, have the effect claimed for it by the appellant.
The argument for the opposite effect would be stronger. So
far as listing was concerned, it was not to be expected that
anything more would be said. The statement on that sub-
ject was complete. Besides, the act in question is evi-
dently meant to contain a system of taxation practically
complete in itself. The act consists of 34 sections; and
while it leaves some portions of the legislation previous-
ly in existence unrepealed unless they are in conflict
with Chapter 22, the reason for so doing is manifest
from the proviso in Section 34: "All acts or parts of
acts in conflict herewith, either general or special, are
hereby repealed, and this act shall take effect and be in
force from and after its passage: Provided, that the pro-
visions of this act shall not affect or be applicable to taxes
heretofore assessed or which are delinquent at the date of
the approval hereof, except, that suit for the same may
be brought and judgment thereon rendered in the manner
provided by this act, but the validity of such delinquent

taxes shall be determined by the law in force at the time of making the assessment therefore. The time for the payment of all taxes now delinquent is hereby extended until May 1, 1899, and when the same may be in litigation at the date of the passage of this act until such litigation shall be determined." In view, then, of the comprehensive purpose of the act, of which the language last quoted leaves no doubt, it would be a forced construction which should narrow the application of Section 25 to errors in listing, leaving the much larger field of irregularities in advertising, making sale, giving certificates of sale and tax deeds uncovered.

It is claimed, too, that, even if the limitation on attack found in Section 25 is not restricted to cases of error in listing, yet by the words "sold at tax sale in accordance with this act," it was meant to limit that restriction to those cases in which the provisions for advertisement and sale contained in the act should be strictly followed. We are satisfied, however, that it was meant by this provision to afford deliverance from the evil of having tax sales held invalid for irregularities which were not based on meritorious grounds, an evil which as a matter of common knowledge had assumed such proportions not only in New Mexico, but throughout the country, as seriously to interfere with the fair adjustment of the burden of taxation. As pointed out by the Supreme Court of the United States in De Treville v. Smalls, 98 U. S. 517, Blackwell in his work on Tax Titles states that "of a thousand cases of tax sales in court not twenty have been sustained." That the purpose of the act was what we have suggested is further indicated, as it seems to us beyond question, by the repetition in the act in various forms and connections of the declaration that a tax title shall be good against all but really meritorious objections. In the latter part of Section 23 it is provided that the judgment shall be "conclusive except in cases where the taxes had been paid or the real estate was not liable to the tax or assessment." In Section 25, after the general statement already referred to, as if to make sure there should be no escape from it, there is a provision that, if the taxes had been

paid on a portion of land sold, nevertheless the sale and certificate shall vest a perfect title in the portion on which the "taxes had not been paid." In Section 34 there are provisions for mitigating what might be considered the rigors of the act through leaving the validity of delinquent taxes to be determined by the law in force when the assessment was made, and by extending the time of payment of taxes then delinquent, or in litigation at the passage of the act. This measure of leniency toward defaults already made was superfluous, if no greater degree of strictness was to be exercised toward defaults of the future. Bearing in mind the familiar rule of statutory construction which gives to the legislative intention controlling force, we are satisfied that the words "in accordance with this act"—not, it should be noticed, as having perhaps some significance in accordance with the provisions of this act—mean no more than under or by authority of this act, and that the intention was merely to limit the effect of Section 25 to cases coming under Chapter 22 as distinguished from those to which the provisions of law left unrepealed by it might apply.

Still further, counsel for the appellant contend that one of his reasons stated falls within one of the grounds of attack permitted by the statute (chapter 22), and, that as the tax levied was $3.78 and the sale was for $4.02, the land was not subject to the tax for which the alleged sale was made. It is said in reply that the difference between the two sums named would be covered by the interest and expenses of sale which the law permits the county to add, and such, it seems clear must have been the case. In Drennan v. Beierlein, 49 Mich. 272, Cooley, Jr., it was held, "in the absence of a clear showing to the contrary, that the addition was lawfully made." But, even if it were not, to hold that such a trivial defect invalidated the appellee's title, would be to return to the old way, instead of following the new, in conformity to the spirit and intention of the statute under consideration.

This brings us to the inquiry whether the legislature, having the will, had also the power to so limit the right of attack on a tax title. It is not claimed for the appellee

that such a statutory limitation would stand against fraud or lack of jurisdiction, but they do assert that the irregularities set up in the complaint do not go to the jurisdiction, and there is no claim of fraud made. The irregularities alleged are plainly distinguishable from such as would defeat jurisdiction, as, for instance, that there was no tax laid, or attempted to be laid, on the land in question. Assuming, then, that there is no jurisdictional defect in the case, we have to determine the question of absolute right involved.

It is settled that the owner of real estate on which a tax has been laid is not entitled as a matter of right to have it sold to satisfy the tax. It may be forfeited without a sale. King v. Mullins, 171 U. S. 404; King v. West Virginia, 216 U. S. 92; Fay v. Crozer, 217 U. S. 456; State v. Sponaugle, 45 W. Va. 415, 43 L. R. A. 727. And it has been held by the Supreme Court of the United State, whose decisions are controlling on this court, that, when a sale to collect a delinquent tax is provided for by statute, it may also be provided that the title acquired by such sale shall not be invalidated for irregularities merely, but only on such substantial grounds as that the land was not subject to the tax, that the tax had been paid, or the land redeemed from the sale in the manner provided by law. De Treville v. Smalls, 98 U. S. 517; Keeley v. Sanders, 99 U. S. 441; Springer v. United States, 102 U. S. 586.

It is contended by the appellee that the Supreme Court has, in Marx v. Hanthorn, 148 U. S. 184, overruled the dectrine of the three cases last cited. We do not so understand that decision, but accept rather the view of it expressed by the same court in Castillo v. McConnico, 168 U. S. 684, wherein it is said: "The case of Marx v. Hanthorn, 148 U. S. 172, in no way conflicts with the foregoing considerations. That case came to this court on appeal from a Circuit Court of the United States, and its decision involved ascertaining the meaning of the tax laws of the state as interpreted by the court of last resort thereof. In performing this duty the court adopted and followed the construction given to the tax laws of the state

by the Supreme Court of the state whence the case came."
It is also contended for the appellant that, even if the
certificate and deed given in pursuance of a judgment un-
der Section 23, of Chapter 22, is protected from attack as
in that section provided, yet the certificate and deed given
without a judgment under Section 31 should not be held
entitled to that protection. In terms the statute gives it
the same standing that the certificate following a judg-
ment has. The reason for selling without judgment
in any case in which the tax delinquent does not exceed
$25 is doubtless that for so small a tax the costs of obtain-
ing judgment would be disproportionate. Bearing in
mind that, as we have seen, it is not essential that there
should be a sale by parity of reasoning there need be no
judgment.

In reaching our conclusion we have not been unmindful
of the hardship which may sometimes come upon owners
of real estate through the enforcement of such a statute.
But the course open to such an owner should, with a very
moderate degree of care on his part, protect him from
harm. He is presumed to know that his property has
been taxed, and the time at which it becomes subject to
tax. He has the right of appeal from the assessment to
the county board of equalization, and from it to the ter-
ritorial board. Even if the land is sold, he has the right
for three years to redeem it, by paying the tax, interest,
etc. The statute provides for similar publication of
notice in each case, and it can make no substantial dif-
ference to the party delinquent that on a tax of $25 or
more he is notified as one of a body of delinquents that at
a certain time judgment will be rendered in court
against the entire class, or that at a certain time and
place his property will be sold for a delinquent tax.

Numerous decisions for and against the view we
adopt are to be found in the exhaustive briefs submitted,
but, as this decision must stand or fall with our interpre-
tation of what the Supreme Court of the United States has
said on the subject, we think it would be useless to go
further into the examination of authorities here.

The judgment of the trial court is affirmed.

Mechem, J., having been of counsel in the court below, did not participate.

### SYLLABUS (BY THE COURT).

