Argued July 30, decided Aug. 13, rehearing denied Oct. 1, 1912.

### SANBORN v. JENNINGS.

(125 Pac. 842.)

**Taxation—Tax Deed—Recitals—Sale for Charges.**

1. A tax deed is not void as showing a sale for more than the aggregate of taxes, costs, and penalties for which the land is legally liable, though it contained a recital that the bid for which the land was sold was the best made that was sufficient to pay taxes, costs, charges, and interest, where it does not otherwise appear that any part of the amount bid at the sale was for interest.

**Estoppel—Purchasers From Sheriff—Former Tax Sale.**

2. Purchasers of land from a sheriff are not estopped to assert their title, because of a tax deed to the same premises formerly made by the sheriff, as he made such tax deed in his official capacity, and the doctrine of caveat emptor applies to a purchaser at tax sale.

**Taxation—Action to Try Tax Title—Limitations.**

3. In an action to quiet title to land, the defendants, who claimed under a tax deed, could not claim the bar of limitations without showing the date on which the deed was recorded.

**Taxation—Action to Try Tax Title—Limitations—Possession.**

4. And such defense could not be made where the defendants were not in possession.

From Lane: LAWRENCE T. HARRIS, Judge.

Statement by MR. CHIEF JUSTICE EAKIN.

This is a suit by George F. Sanborn and Charles H. Chick against A. C. Jennings and S. L. Jennings, his wife, to quiet title to a tract of land in Lane County,

Oregon. Defendants claim title through a tax deed. The answer alleges the assessment of the property to the owner, Ida L. Donaldson, for the year 1899, and the levy of the tax for that year. The tax against the property in question amounted to $4.50, which became delinquent and was so returned by the sheriff, and thereafter a warrant was duly issued and directed to the sheriff to collect the delinquent tax out of the property described in the roll. After giving notice thereof, as provided by law, he sold the same, on January 28, 1901, to A. C. Jennings, this defendant, for the sum of $5.56, and on January 8, 1904, a deed therefor was issued to the defendant. The deed is set out in full in the answer, in the recitals of which it is stated that the warrant commanded him to levy upon the lands set out in the tax roll, or so much thereof as should be necessary to satisfy the amount of taxes charged in the tax roll, with costs and expenses; that he levied upon the property in question; that the property was offered for sale and sold to A. C. Jennings, his heirs and assigns, for the sum of $5.56, that being the best and highest bid therefor; that such parcel of land was the smallest portion of the property levied upon for the tax for which any person bid at the sale a sum sufficient to pay the taxes assessed, as aforesaid, to Ida L. Donaldson, with costs, charges, and interest accruing thereon. Defendants rest their title on the tax deed. For a second defense, defendants make the facts alleged in the first defense a part of the second, and further allege that Fred Fisk, the sheriff of Lane County and tax collector, made the sale and executed the tax deed; and that after he retired from the office of sheriff he secured a conveyance from the tax debtor, Ida L. Donaldson, for the land, and thereafter conveyed the same to plaintiffs, who took such conveyance with knowledge of the facts and for the benefit of Fred Fisk. For a third defense, defendants pleaded the statute of limitations in

bar of the suit. Plaintiffs demurred to each of the defenses of the answer, and the demurrer was sustained by the court. A decree was rendered in favor of plaintiffs, and defendants appeal.                    REVERSED.

For appellants there was a brief and oral arguments by *Messrs. Thompson & Hardy.*

For respondents there was a brief over the names of *Messrs. Carey & Kerr,* and *Mr. Omar C. Spencer,* with an oral argument by *Mr. Spencer.*

Opinion by MR. CHIEF JUSTICE EAKIN.

1. In support of their demurrer, plaintiffs urge that, as the tax deed is set out in the answer and shows on its face that the sale was made to pay the taxes, costs, charges, and interest accruing thereon, it is void on its face, the demand including interest, an item not authorized by law, relying exclusively on the opinion in *Stitt* v. *Stringham,* 55 Or. 89 (105 Pac. 252). The only part of the tax proceeding disclosed by the record before us is contained in the answer, and the defense depends upon the *prima facie* presumption created by the deed, under Section 2823, Hill's Code, in favor of the tax proceeding resulting in the deed. The tax deed states that the warrant in the hands of the sheriff for the collection of the tax commanded him to levy on so much of the property described in the roll as should be necessary to satisfy the amount of taxes, with costs and expenses. It also recites that he levied upon the property described for the taxes due, together with costs and charges, and that notice of the sale was duly given according to law, and the property sold to Jennings for $5.56. There is a subsequent recital in the deed that the bid was the best bid made that was sufficient to pay the taxes, costs, charges, and interest; but it does not necessarily appear from that recital that any amount was included for interest. The amount of the tax was $4.50, and the additional

$1.06, included in the bid, may reasonably be inferred as the cost and charges of the levy, advertisement, and other expenses of the sale.

In 37 Cyc. 1339, it is said:

"If real property is offered at tax sale for an amount exceeding the aggregate of taxes, costs, penalties, and charges for which the land is legally and actually liable, the sale, as a rule, is entirely void and passes no title. But it will not be lightly assumed that the sale was made for an excessive amount; on the contrary, this must be clearly shown."

The warrant called for the tax, costs, and charges, and the recital of the levy followed that language, and the notice of sale was given according to law which could not call for interest. The amount of the costs and charges of the proceeding does not appear in the record; nor is there any reference to interest, other than the statement that the bid was the only bid that was sufficient to cover the costs, charges, and interest; and those particular words were evidently printed words of a blank deed, as they and many other clauses indicate, and not the particular language of the sheriff or his scrivener.

In *Doland* v. *Mooney*, 79 Cal. 137 (21 Pac. 436), it is said: "There are in the certificate and deed preliminary statements that 'said taxes, with five per cent and the costs of publication, and other costs, not having been paid,' etc.; but they both recite that Mayo was the bidder who offered to take the least quantity and pay the taxes and costs due thereon, including 50 cents for the certificate, and it does not appear that the amount for which the property was actually sold included anything for 'costs of publication' "—the court holding that it does not appear that the amount for which the property was actually sold included anything for costs of publication, and the recital in the deed does not vitiate it; that if an excessive amount was demanded, and the property

sold therefor, it would invalidate the sale, and that fact may be shown, but the presumption is in favor of the regularity of official action.

In *Drennan* v. *Beierlein,* 49 Mich. 272 (13 N. W. 587), the sale was for 30 cents in excess of the tax, and it was contended that the excess amount was improperly added as penalty. The court say that it does not clearly appear for what the 30 cents were added to the State tax; and it is presumed that they were added for some other reason. It must be assumed, in the absence of any clear showing to the contrary, that the addition was lawfully made. These rulings do not conflict with the case of *Stitt* v. *Stringham,* 55 Or. 89 (105 Pac. 252), where the tax proceeding seems to have been before the court, showing the taxes to be $3.68, and the sale was for $31, and we conclude that the deed is not void on account of the recital as to costs, expenses, and interest; it not appearing therefrom, or otherwise, that any part of the amount bid at the sale was for interest.

2. Defendants plead estoppel against plaintiffs as successors in interest to Fisk, the sheriff who made the sale. Whether the sheriff may be held liable in damages for his own mistake or neglect is a question not raised in this case. In making the deed he acted in his official capacity, and not in his individual capacity; and the covenants of the deed, if there are such, are not personal, but statutory. By Section 2823, Hill's Code, the statute, under which the sale in question was made, provides that "such deed shall operate to convey a legal and equitable title to the purchaser, sold in fee simple to the grantee named in such deed." This is the effect given to the deed if the proceedings are regular, and not a covenant in the deed; and the deed is not in any sense the individual act of Fisk, or a warranty of the title conveyed, much less the conveyance of any title or interest held by the sheriff. 37 Cyc. 1436, 1526; *Stephenson* v. *Weeks,* 22 N. H. 257;

*Gibson* v. *Mussey,* 11 Vt. 212; *Byam* v. *Cook,* 21 Iowa 392. Furthermore, the rule of *caveat emptor* applies in such a case. 37 Cyc. 1474, 1479; *Dowell* v. *Portland,* 13 Or. 248, 256 (10 Pac. 308).

3, 4. As to the third defense—the statute of limitations under Section 2840, Hill's Code—it is sufficient to say that the record does not show the date on which the sheriff's deed was recorded, and therefore it does not appear that the suit was commenced three years after such record; nor are any facts alleged to bring the case within the holding of *Martin* v. *White,* 53 Or. 326 (100 Pac. 290), namely, possession by defendants.

The first defense of the answer states a good defense, the demurrer to which should have been overruled. As to the other defenses, the demurrer was properly sustained.

The decree is reversed, and the causes remanded for such further proceedings as may be proper, not inconsistent with this opinion.

REVERSED: REHEARING DENIED.