## B. F. JENNESS,

*v.*

## SCHOOL DISTRICT No. 31, WASHINGTON Co.

*Held,* that *Chapter* 36 *of the General Statutes,* confers no power on the board of trustees, to contract with, or hire a teacher, who has not procured the requisite certificate of qualification, and that a contract entered into before the procuring of such certificate, is void.

This action was brought in the District Court for Washington County, on a special contract for services as teacher; on the trial it appeared, that at the time the contract was made the plaintiff had not procured a certificate of qualification as teacher, as required by statute. The jury returned a verdict for the defendant. The plaintiff removes the cause to this Court by appeal from an order denying a motion for a new trial.

J. N. CASTLE, for Appellant.

SMITH, HUDDLESTON & BABCOCK, for Respondent.

*By the Court*—WILSON, CH. J. On the 22d day of December, A. D. 1866, the board of trustees of said school district contracted with the plaintiff to teach a public school in the district for the term of three months, to commence on the 24th of December, 1866, and he did commence and teach the school, in accordance with the contract for the term agreed upon.

When the contract was made the plaintiff had not obtained the certificate of qualification required by statute, but subsequently obtained such certificate, dated December 24th, 1866. Admitting that this certificate was made when it bears date, and that the contract on which he sues is in proper form, can the plaintiff recover ? I think not.

The provisions of our statute in force at that time bearing on the question are as follows: "The board of trustees shall hire for, and in the name of the district, such teachers as have procured a certificate of qualification, and make a contract with such teachers, specifying the wages per month, and time employed as agreed upon by the parties, and file such contract in the office of the clerk." *Gen. Stat., Ch.* 36, *Sec.* 12. "No person shall be admitted to teach in any of the schools of this State, supported in whole or in part by public funds, until he has passed an examination before the district examiner, and received a certificate of good moral character, and sufficient ability to teach such branches as may be taught in common schools." *Ib. sec.* 32.

It seems to me that the sections of the statute above quoted confer no power or authority on the board of trustees to contract with or hire a teacher before he has obtained the requisite certificate of qualification, and that the contract sued upon in this case is therefore void. The statute confers and measures the power of the board, and its affirmative language, that the board shall hire "such teachers as have procured a certificate," implies a negative ; that it shall not hire any other. Every person is presumed to know the law, and is bound at his peril to take notice of the public statutes ; it must be supposed, therefore, the plaintiff knew that the board had power only to contract with a class of persons to which he did not belong, (those having certificates of qualification to teach.)

If he has no remedy he cannot say he was misled or deceived, or that the district is in equity bound to perform a contract that the parties contracting knew they had no right to make; and even if this construction did work a hardship in the present case; that would not justify a disregard of the express provisions of the law. But it is said that *Sec.* 32 explains and qualifies *Sec.* 12 ; in this view I cannot concur; *Sec.* 12 was intended to declare the extent and boundary of the power of the trustees in hiring teachers, and the language of the section, is the deliberate expression of the intention and meaning of the legislature on that particular subject. The language used is neither indefinite nor ambiguous. " The board of trustees shall hire such teachers *as have procured a certificate*    *    * and make a contract with *such teachers.*" It would not be reasonable to hold, that this power, thus deliberately and clearly limited, is expanded or modified by an expression used by the legislature when their mind was directed to a different subject, and when the language of such expression does not with any clearness or certainty show an intention to effect such modification.

*Sections* 12 and 32 may stand together; the language of the latter is neither made meaningless, or insensible, by the interpretation given to the former. It is not the only purpose of *sec.* 32 to forbid those to teach who have not obtained a certificate ; it also enjoins on the examiner to give such certificate only after a personal examination before him ; it declares that no person shall *teach* who has not received such certificate ; *Sec.* 12 that no person shall *be hired* by the trustees who has not such certificate ; the latter section is not in conflict with either the letter or spirit of the former; there is no repugnancy ; there is perhaps an inaccuracy of expression, but we in vain look to the statutes of any State for perfect precision or accuracy. I think there is nothing in the language

of *sec.* 32, indicating an intention, on the part of the legislature to modify the meaning of *sec.* 12, and therefore, that the latter section must be construed according to the natural and ordinary meaning of the words used; this conclusion is arrived at without reference to the reasons, that may have operated on the mind of the legislature in so framing the law; if necessary, it would perhaps not be difficult to assign abundant reason in support of the law as it is written.

The order appealed from is affirmed.