SIMEON J. AHERN *vs.* DUDLEY W. FREEMAN and others.

May 11, 1891.

**Bona Fide Purchaser—Subrogation.**—The right of subrogation will not be enforced to the prejudice of innocent purchasers.

**Same—Redemptioner.**— One redeeming from an execution or mortgage sale is a purchaser for value.

**Same—Record of Satisfaction of Mortgage—Presumption—Notice.**— When a prior mortgage has been satisfied of record, the recorded certificate of satisfaction not showing by whom payment was made, a purchaser who has no other notice than the record gives him may assume that it was made by the person upon whom was the primary duty to make it. The fact that it appears of record that, had some other person made the payment, he would have been entitled to subrogation, does not put the purchaser upon inquiry to ascertain if such person did not make it.

**Same—Notice—Entries in Register's Books.**—Purchasers are not charged with constructive notice of entries in the index or reception book in the register's office, not required by law to be made.

Appeal by plaintiff from a judgment of the district court for Ramsey county, where the action was tried by *Brill,* J.

*Williams, Goodenow & Stanton,* for appellant.

*T. R. Palmer,* for respondent Freeman.

*John B. & W. H. Sanborn,* for respondents Tarbox, Schliek & Co.

GILFILLAN, C. J.   November 22, 1886, plaintiff purchased from one Wright two lots, and at his request the latter on that day conveyed the same to one Doolittle.   Plaintiff paid part of the price, and to secure the remainder Doolittle executed to Wright four notes, and to secure two of them a mortgage on one lot, and to secure the other two a mortgage on the other lot.   On said day the deed of conveyance and mortgages were recorded.   At the time of the transaction plaintiff verbally agreed with Doolittle to pay the notes, and hold him harmless from liability thereon.   April 16, 1887, Doolittle conveyed the lots to one Freeman, by deed which recited that the lots were conveyed subject to the mortgages, and that Freeman assumed and agreed to pay them as part of the purchase price.   The deed was recorded May 10, 1887.   On said April 16th Freeman executed to plaintiff his note and a mortgage on the two lots to secure the same, which mortgage was recorded on said May 10th.   This mortgage contained the usual covenants, but from the covenant against incumbrances were expressly excepted the aforesaid mortgages to Wright.   Afterwards, by deed recorded May 16, 1887, Freeman conveyed the lots to one Zwickey, the deed reciting that the grantee assumed and agreed to pay the mortgages.   October 20, 1888, plaintiff foreclosed his mortgage under a power of sale contained in it, and became the purchaser at the sale.   January 19, 1889, Tarbox, Schliek & Co. recovered a judgment, docketed the same day, against Zwickey.   November 10, 1888, plaintiff paid the mortgages to Wright, and the latter executed certificates of satisfaction thereof, which plaintiff filed for record, and they were recorded July 17, 1889.   September 25, 1889, Tarbox, Schliek & Co. filed notice of their intention to redeem under their said judgment from said mortgage sale, and they did so redeem October 23, 1889, and on the same day their certificate of redemption was recorded.   They made the redemptions relying on the recorded satisfactions, and without notice that the mortgages had been paid by plaintiff.   The action is in effect for a personal judgment against Freeman and Zwickey for the amount paid by plaintiff upon the mortgages to Wright; that those mortgages be reinstated; that plaintiff be adjudged to be sub-

rogated to the rights of the mortgagee, and the mortgages foreclosed. There was no service on Zwickey, so that plaintiff's rights as to him are not involved. The court below rendered judgment in favor of the other defendants.

Plaintiff does not seriously claim here that he has a right to recover against Freeman. We cannot see upon what he could base such a claim, in the face of the exception of the mortgages he has paid from the covenant against incumbrances in Freeman's mortgage to him. His right to foreclose the mortgages must rest on the doctrine of subrogation. Conceding that the mortgages might, in his favor, be held, notwithstanding the discharge of record, to be still in force as between him and Zwickey, it does not follow that they can be enforced as against the interest of Tarbox, Schliek & Co.; for the right of subrogation will not be enforced to the prejudice of innocent purchasers. One redeeming from execution or mortgage sale is a purchaser for value of whatever interest he acquires by the redemption, as fully as if he had purchased the certificate of sale from the purchaser and paid for it. According to the findings of fact the redemptioners in this case had no notice of plaintiff's rights unless the record operated as constructive notice. The record does not show that plaintiff paid the mortgages; but the plaintiff claims that it contains enough to put the redemptioners upon such inquiry as, properly followed, would have led to knowledge of plaintiff's rights. The record shows that if the mortgages had been paid by Doolittle, Freeman, or plaintiff, he might be entitled to keep them alive, and enforce them; and, if paid by Zwickey, the payment would discharge them,—would have the effect evidenced by the recorded certificates. The certificates do not indicate by whom the mortgages were paid, except, as is the fair inference, that they were paid by one whose right and interest and intention were that the mortgages should be extinguished, and not kept alive. Any one examining the records would have the right to assume without further inquiry that the payment was made by Zwickey, upon whom, as between him and the others preceding him, was the primary duty to pay the mortgages. In other words, (having no information but that of record,) he would have the right to assume that they were paid by the per-

son who ought to have paid them, just as, where the primary duty of the mortgagor to pay has not been shifted to some one else, he would have the right to assume that the mortgagor paid. Any other rule would go far to render titles to real estate unsafe.

The plaintiff refers to *Gerdine* v. *Menage,* 41 Minn. 417, (43 N. W. Rep. 91,) as controlling this. It certainly was not intended in that case to decide that, where the record discloses nothing more than that a certain person, if he pay an incumbrance, will be entitled to subrogation, and that the incumbrance has been discharged, it is the duty of the purchaser examining the title to inquire, beyond the record, if the payment was not made by such person. That case was decided upon the showing that the record, in addition to those facts, indicated that the person entitled to subrogation in case he paid the incumbrance had paid it.

Plaintiff argues that the redemptioners were put upon inquiry to ascertain who paid the mortgages by an entry in the reception-book in the register's office, to the effect that the certificates of satisfaction were received in that office from Doolittle. They had no actual notice of that entry. If one dealing with real estate is charged with the constructive notice of any entries in the reception-book or in the index, it can only be as to such entries as are required by law to be made. No such entry as is above referred to is required or authorized to be made. Gen. St. 1878, *c.* 8, § 177; Id. § 180, as amended by Laws 1887, *c.* 199.

Judgment affirmed.