### J. C. EASTON v. EDWARD P. CHILDS.[1]

January 19, 1897.

Nos. 10,157—(100).

**Publication of Summons—Return of Sheriff.**

> Under G. S. 1894, § 5204, the filing of the return of the sheriff is not a jurisdictional prerequisite to the publication of the summons. Corson v. Shoemaker, 55 Minn. 386, overruled.

**Same.**

> Under the statute, the office of a return of the sheriff that the defendant cannot be found is, not to authorize the publication, but to support it after it is made, being prima facie evidence that the case was one where service by publication was authorized, to wit, where the defendant could not be found in the state.

Appeal by plaintiff from an order of the district court for Faribault county, Severance, J., vacating a judgment in favor of plaintiff. Reversed.

*Kingsley & Shepherd*, for appellant.
*Little & Nunn*, for respondent.

MITCHELL, J. This was an action to determine adverse claims to real estate. The summons was served on the defendant, a nonresident, by publication, and the plaintiff had judgment by default. The defendant subsequently moved to have the judgment annulled and vacated as being void because the sheriff's return on the summons that the defendant could not be found in his county was not filed until the day the judgment was entered. The court granted the motion, following Corson v. Shoemaker, 55 Minn. 386, 57 N. W. 134, and from that order plaintiff appealed.

If Corson v. Shoemaker is to be adhered to, it is conceded that the action of the trial court was correct; but we are asked to reconsider the question, it being claimed that the construction which we placed upon the provisions of G. S. 1894, § 5204, is not only incorrect, but also contrary to the general understanding of the bar of the state; and that, if adhered to, will render absolutely void many judgments upon which depends the title to real estate, or, as in divorce cases, the

[1] Reported in 69 N. W. 903.

status of parties. If what is claimed as to the understanding of the bar and the consequences of our ruling is true, it constitutes a good reason why the question should be carefully reconsidered, and Corson v. Shoemaker overruled, if erroneous, or even if the statute is reasonably susceptible of another construction. This would be all the more permissible in the contingency last suggested, for the reason that, so far as we can discover, the filing of the sheriff's return before publication of the summons subserves no practical purpose; and, if it is a jurisdictional prerequisite to publication, it is merely because the statute makes it such. The statute reads as follows:

"When the defendant cannot be found within the state, of which the return of the sheriff of the county in which the action is brought that the defendant cannot be found in the county is prima facie evidence, and upon the filing of an affidavit of the plaintiff, his agent or attorney, with the clerk of the court, stating that he believes that the defendant is not a resident of the state or cannot be found therein, and that he has deposited a copy of the summons in the post office directed to the defendant at his place of residence, unless it is stated in the affidavit that such residence is not known to the affiant, and stating the existence of one of the cases hereinafter specified, the service may be made by publication of the summons by the plaintiff or his attorney in either of the following cases." * * *

As a result of a somewhat careful inquiry, we have become satisfied that until the decision of Corson v. Shoemaker, the prevailing impression of the bar was that the filing of the sheriff's return was not a jurisdictional prerequisite to the publication of the summons, but that careful practitioners generally filed it out of abundance of caution, although there were many attorneys who did not, whose judgments would consequently be void under the doctrine of that case. Upon a fuller examination of the question, some reasons have suggested themselves to us why our former construction of the statute was erroneous, or at least of doubtful accuracy. The history of the statute confirms this view.

Prior to 1864 all that was required as a condition precedent to the publication of a summons was an order of the court or judge, which he might grant when it was made to appear by affidavit to his satisfaction that the defendant, after due diligence, could not be found within the territory (state). Pub. St. 1858, c. 60, § 54. Presumably in view of the strict construction placed on this section in Mackubin v. Smith, 5 Minn. 296 (367), the legislature in 1864 amended it so

that all that was required to authorize the publication of a summons was the filing of an affidavit stating certain things, no order of publication being necessary. Laws 1864, c. 42. The revision of 1866 (where the clause referring to the sheriff's return first appeared) restored the requirement of an order of publication, but the office of the return of the sheriff, as well as of the affidavit of the party or his attorney presented to the court or judge, was to satisfy him that the defendant could not be found in the state; and doubtless the return of the sheriff was made prima facie evidence of that fact, in view of the strict construction placed on the statute in force prior to 1864. The statute of 1866 contained no provision for filing either the sheriff's return or the affidavit. G. S. 1866, c. 66, § 49. This statute was amended in 1869 [2] so as to do away with the necessity of any order of publication, the only other material change being to provide for the filing of the affidavit instead of presenting it to the court or judge. The clause as to the sheriff's return was retained without change. G. S. 1878, c. 66, § 64. No prior statute had required the filing of the sheriff's return before publication, and it is fair to assume that, if the legislature had intended to make so radical a change in the practice, they would have expressly so provided, and not left it a matter of mere inference from ambiguous language. Moreover, as the statute expressly provides for the filing of the affidavit, but is silent as to filing the sheriff's return, we think the maxim that "the expression of one thing is the exclusion of another" is applicable.

Under the existing statute, the sheriff's return cannot be intended as the basis of any action of the court, for no order of publication is necessary. If it is intended (which we do not think) to be the basis upon which the party or his attorney may make the affidavit required by the statute, there is no reason why it should be filed before publication. Under the statute in its present form, in our opinion the only office of the sheriff's return is, not to authorize the publication, but to support and sustain it after it has been made, being prima facie evidence that the case was one where service by publication was authorized. If this is its purpose, it is apparent that this will be subserved as well by filing it on the entry of judgment as before publication. We do not think that there is much, if any, force in the argument based upon the definition of the word "return." We con-

[2] Laws 1869, c. 73, § 1.

cede that technically and literally that word, as applied to a writ (which a summons, under our practice, is not), includes not only the certificate of the sheriff, but also the filing of it in court. But frequently in statutes, and usually in common speech, the word "return" means merely the certificate, without regard to whether it has been filed or not.

There is still another reason why Corson v. Shoemaker should not be followed. While that was the first direct decision on the construction of this statute, yet in several prior decisions (to which our attention was not called on the argument of that case) this court, impliedly at least, assumed that all that it was necessary to file before publication was the statutory affidavit. Barber v. Morris, 37 Minn. 194, 33 N. W. 559; Bardwell v. Collins, 44 Minn. 97, 46 N. W. 315. Attorneys might well have acted on these as expressions of the views of the court upon the construction of the statute. We therefore think that Corson v. Shoemaker should be overruled.

Order reversed.

BUCK, J., dissents.