SADIE K. GILMORE and Another v. ADELAIDE B. LAMPMAN and Others.[1]

June 20, 1902.

Nos. 13,047—(170).

## Constructive Service of Process.

Constructive service of process is purely of statutory creation, and in derogation of the common law, and such statutes must be strictly construed.

## Publication of Summons—Statutory Affidavit Jurisdictional.

The affidavit for publication required by G. S. 1894, § 5204, is jurisdictional, and must contain and state all of the statutory requirements. Such an affidavit considered, and *held*, that it does not state that the defendant had property in the state of Minnesota, nor that the subject of the action was real property within the state of Minnesota.

## Reference to Complaint.

Reference cannot be made to the complaint on file in the action for the purpose of supplying material facts omitted from the affidavit.

Appeal by plaintiffs from an order of the district court for Hennepin county, McGee, J., setting aside the service of summons upon defendant Adelaide B. Lampman. Affirmed.

*Arthur G. Morey*, for appellants.

*Wilson & Van Derlip*, for respondent.

LEWIS, J.

In an action to foreclose a mechanic's lien, service by publication was attempted to be made as to the respondent Adelaide B. Lampman, and the following affidavit was executed on June 27, and filed on July 18, 1901:

---

[1] Reported in 90 N. W. 1113.

"State of Minnesota, )
                       (ss.
County of Hennepin. )

"A. G. Morey, being first duly sworn, deposes and says: That he is: the attorney for the plaintiffs in the above-entitled action; that the above action was brought for the purpose of foreclosing a mechanic's lien, and that Adelaide B. Lampman, one of the defendants, has property in this city, and is the owner of property described in the complaint; that he believes that the said defendant Adelaide B. Lampman is not a resident of the state of Minnesota, but that she is a resident of Newark, Essex county, New Jersey. Affiant further says that this affidavit is made for the purpose of obtaining an order of this court that the service of the summons in this action may be made upon Adelaide B. Lampman, one of the said defendants, by publication.

                                      "Arthur G. Morey.

"Subscribed and sworn to before me this 27th day of June, 1901.
                                      "R. C. Wyvell,
[Notarial Seal]                             "Notary Public,
                                      "Hennepin County, Minn."

Subsequently, on July 19, another affidavit was filed, stating that on that day a true copy of the summons in the action was deposited in the post office at Minneapolis, Minnesota, inclosed in an envelope duly stamped and addressed to Adelaide B. Lampman at Newark, Essex county, New Jersey. The first publication of the summons was on Saturday, July 20. The complaint was verified on July 9 and filed on July 18, 1901, and stated that the respondent was the owner of real estate (describing it) in the city of Minneapolis, Hennepin county, Minnesota. On February 11, 1902, respondent appeared specially by counsel, and moved the court for an order to set aside the service of the summons on the ground that the same was void. The motion was granted, and plaintiffs appealed.

The only question before the court is the sufficiency of the affidavits for publication. Appellants complied with the provision of G. S. 1894, § 5204, unless, in the first affidavit referred to, there was a failure to state that respondent had property in the state of Minnesota, and that the court had jurisdiction of the subject of the action, or that the subject of the action was real property within the state. It will be conceded that the second affidavit

was sufficient to cover the omission in the first as to the posting of the summons. Appellants contend for the sufficiency of the affidavit upon the ground that in respect to the description of the property owned by respondent in the state of Minnesota reference might be had to the complaint on file, and that, if the affidavits were insufficient under the third subdivision of section 5204, then they were sufficient under the fifth subdivision.

The nature of constructive service by publication has been expressed in the following language: "Constructive service of process is purely a statutory creation, and in derogation of the common law, for which reason the requirements of the statute must be strictly observed, * * * and a failure to follow the statute will render the attempted service fatally defective." Or, as stated in the case of Barber v. Morris, 37 Minn. 194, 33 N. W. 559: "The statute prescribes the means, through a constructive service of the summons, by which a court may acquire jurisdiction to render judgment affecting property within the state. This mode of conferring jurisdiction is effectual only as the statute makes it so, and whatever the statute prescribes as a prerequisite condition cannot be dispensed with." In that case the affidavit for publication was not filed until the entry of judgment.

In the case of Feikert v. Wilson, 38 Minn. 341, 37 N. W. 585, the affidavit stated, upon information and belief, that the defendant had property within the state, instead of stating the fact in a direct and positive manner, and the court held that the statute required a strict compliance with its terms. The rule laid down in Barber v. Morris, supra, is also applied and approved in Brown v. Northern Pac. Ry. Co., 38 Minn. 506, 38 N. W. 698. In the case of Easton v. Childs, 67 Minn. 242, 69 N. W. 903, it is held that under section 5204 the filing of the sheriff's return is not a jurisdictional prerequisite to the publication of the summons, overruling Corson v. Shoemaker, 55 Minn. 386, 57 N. W. 134. This decision supports the theory that such statutes should be strictly construed, but requires no more to be done than is expressly stated. The statute does not require the filing of the sheriff's return before commencement of the publication, and it was therefore properly held that

the filing was not a prerequisite to the publication, but was prima facie evidence in its support.

In this case the affidavits themselves were wholly deficient because they did not state that respondent had property in the state of Minnesota. The affidavit itself is the prerequisite upon which jurisdiction is based, and it must contain and state positively all of the facts required by the statute. When a proceeding is commenced to obtain service by publication, the defendant has the right to examine the affidavit on file, and to govern his conduct accordingly. It is immaterial that the complaint contains the information wanting in the affidavit, for the interested party is not required to examine the complaint to ascertain the facts. Whatever may have been the holdings in some jurisdictions, we know of no case where, under a similar statute, it has been held that the affidavit may be aided by reference to other papers of record. It has become the well recognized and settled rule in this state that the affidavit must be complete in itself as to all material matters, and we hold that the affidavits in question are insufficient, and did not confer jurisdiction.

Order affirmed.