## GEORGE F. PERKINS v. CLARA J. GIBBS and Others.[1]

June 11, 1909.

Nos. 16,078—(107).

**Publication of Summons.**

Neither the making nor the filing of the sheriff's return that the defendant could not be found was, under G. S. 1894, § 5204, a jurisdictional prerequisite to the publication of the summons. Easton v. Childs, 67 Minn. 242, followed.

**Refusal to Vacate Judgment.**

The trial court did not abuse its discretion in denying the appellant's motion to vacate the judgment herein and permit her to answer.

[1]Reported in 121 N. W. 605.

Judgment by default in an action to quiet title was entered in the district court for Cook county on July 31, 1905. On March 21, 1908, Clara J. Gibbs, one of the defendants, by her guardian ad litem, moved to vacate the judgment on the ground the court had no jurisdiction to enter it. This motion and one to permit defendant to interpose an answer on the merits were dismissed, Cant, J. From an order denying both motions, she appealed. Affirmed.

*A. L. Agatin* and *Francis H. De Groat,* for appellant.

*Austin N. McGindley,* for respondent Perkins.

*L. C. Harris* and *Jaques & Hudson,* for respondents Alger, Smith & Co.

START, C. J.

This action was brought in the district court of the county of Cook to determine adverse claims to the lands described in the complaint. The relief prayed, so far as here material, was judgment that the plaintiff be adjudged the owner in fee of the lands and that his title thereto be quieted as against the claims of the defendant Clara J. Gibbs. She did not appear in the action. Judgment granting the relief demanded was entered on July 31, 1905. On March 21, 1908, the defendant,. by her guardian ad litem, moved the district court to vacate the judgment on the ground that the court had no jurisdiction to enter it, and in the event this was denied that the judgment be opened and she be permitted to answer on the merits. The court made its order denying both motions, from which the defendant Clara J. Gibbs appealed.

1. The first question is whether the judgment was void for the reason that the court was without jurisdiction. The subject-matter of the action was the state of the title of land which was within the jurisdiction of the district court, and its judgment clearing and quieting the title is valid, if notice, actual or constructive, of the pendency of the action, was given in the manner provided by the statute in force at the time (G. S. 1894, § 5204), which provided that:

"When the defendant cannot be found within the state, of which the return of the sheriff of the county in which the action is brought that the defendant cannot be found in the county is prima facie evi-

dence, and upon the filing of an affidavit of the plaintiff, his agent or attorney, with the clerk of the court, stating that he believes that the defendant is not a resident of the state, or cannot be found therein, and that he has deposited a copy of the summons in the postoffice, directed to the defendant at his place of residence, unless it is stated in the affidavit that such residence is not known to the affiant, and stating the existence of one of the cases hereinafter specified, the service may be made by publication of the summons by the plaintiff or his attorney in either of the following cases."

The plaintiff's attorney in this action, on September 28, 1904, duly made and filed his affidavit as a basis for the publication of the summons as to the defendant Clara J. Gibbs, which was sufficient in form and substance to comply with the statute as to the making and filing of an affidavit, and on the same day the summons was personally served upon her in the state of New York. The return on the summons of the sheriff of the county in which the action was brought, dated October 21, 1904, certified that by virtue thereof he had made due and diligent search and inquiry for the defendant Clara J. Gibbs throughout his county, to serve summons upon her, and that she could not be found therein. This return was filed on October 22, 1904, in the office of the clerk of the district court. The publication of the summons was commenced October 1, 1904, and was continued for the length of time required by the statute.

The question whether the court had jurisdiction to award the judgment depends upon whether the statute required the return of the sheriff of "Not found" to be made and filed in the office of the clerk of the district court before the commencement of the publication of the summons. It was held in the case of Corson v. Shoemaker, 55 Minn. 386, 57 N. W. 134, that the filing of such return before the commencement of the publication of a summons was a jurisdictional prerequisite; but in Easton v. Childs, 67 Minn. 242, 69 N. W. 903, that case was expressly overruled, and it was held that the filing of such return was not jurisdictional.

Counsel for the appellant seeks to distinguish this case from the Easton case on the ground that the return in that case was made before the publication of the summons was commenced, while in the case

at bar the return of the sheriff was neither filed nor made until after the publication was commenced. If it was not necessary to file the return of the sheriff before publication, it would seem that the fact that the sheriff did or did not write out a return upon the summons, keeping it in his pocket until after the commencement of the publication, could not in any manner affect the jurisdiction of the court. However this may be, it was held in the Easton case that the "office of the sheriff's return is, not to authorize the publication, but to support and sustain it after it has been made, being prima facie evidence that the case was one where service by publication was authorized." It necessarily follows from this holding that the return of the sheriff was not a jurisdictional prerequisite to the publication of the summons under the provisions of G. S. 1894, § 5204, the statute in force when the publication was made in this case, and that such publication conferred upon the district court jurisdiction to enter the judgment herein.

Section 4111, R. L. 1905, which provides that, when the sheriff shall have duly returned that the defendant cannot be found and the affidavit of plaintiff or his attorney shall have been filed, service of the summons may be made by publication, has here no application. for it did not go into effect until after the entry of judgment herein.

2. The only other question to be considered is whether the trial court abused its discretion in denying the motion to open the judgment and permit the defendant Clara J. Gibbs to answer. It appears from the record that she was, on August 22, 1906, adjudged insane by the county court of the county of Marathon, Wisconsin, and that her husband, the defendant Albert L. Gibbs, was on November 27, 1906, appointed her guardian, on the ground that she was then insane and mentally incompetent to have charge of her estate. The mere fact that she was adjudged insane more than a year after the entry of the judgment would not justify the granting of the motion. It is, however, claimed on behalf of the defendant that she was mentally incompetent to manage her own affairs at the time this action was commenced, and that she has ever since been insane and mentally incompetent to defend the action. If such were the admitted facts, or were they conclusively proven, they would, if a meritorious defense were shown, not only justify, but require, the granting of the motion.

But they are neither admitted nor conclusively proven, for the affidavits in support of the motion and those in opposition were in many material respects radically conflicting as to the mental condition of the defendant at the time the action was commenced and for more than a year after the entry of the judgment.

The rule here applicable is that, where an issue of fact is raised by the affidavits and evidence of the respective parties upon the hearing of a motion, the determination thereof by the trial court will not be reversed if there be evidence reasonably tending to support it. Stai v. Selden, 87 Minn. 271, 92 N. W. 6. A full consideration of the affidavits and evidence presented to the trial court on the hearing of the motion satisfies us that the learned trial judge exercised a fair discretion in denying the motion.

Order affirmed.