STATE EX REL. CLIFFORD L. HILTON v. LE ROY SARGENT & COMPANY, INC.[1]

May 7, 1920.

No. 21,751.

**Corporation — appointment of resident agent — service of summons.**

1. A domestic corporation may appoint a resident agent or attorney with power to accept service of process in this state, and service of a summons on the person so appointed will confer jurisdiction on the court.

**Domestic corporation — service of summons on agent.**

2. Notwithstanding such appointment, service of process may be made in the manner prescribed by subdivision 2, § 7735, G. S. 1913, if a domestic corporation has no officer or managing agent in this state, but if so made after service upon an authorized agent, it is superfluous and adds nothing to the effect of the service already made.

**Completion of court records — jurisdiction of court of record.**

3. Both by statute and at common law a court of record has power to supply or complete its records by directing a copy of a lost summons to be filed in place of the original.

[1]Reported in 177 N. W. 633.

Action in the district court for Hennepin county by the state upon the relation of Clifford L. Hilton, Attorney General, to dissolve defendant corporation. The facts are stated in the opinion. From an order, Molyneaux, J., discharging an order to show cause and setting aside the attempted service of the summons in said action, Le Roy Sargent & Company, Inc. appealed. Affirmed.

*George T. Simpson, John F. Dahl* and *Eugene S. Bibb,* for appellant.

*Clifford L. Hilton,* Attorney General, and *John E. Palmer,* Assistant Attorney General, for respondent.

LEES, C.

This action was brought by the state on the relation of the attorney general to vacate the charter of and dissolve Leroy Sargent & Company, Inc. a domestic corporation.

The complaint alleged that it failed to maintain an office for the transaction of business within this state; that it neglected, for one year after the due date thereof, to pay a note upon which it was a guarantor, and that it removed from this state all of its books and records and kept none of them here as required by law.

A summons was issued, attached to the complaint under one manuscript cover, and delivered to one Schultz for service. On July 7, 1919, he took the originals and copies to the office of the secretary of state and tendered the copies to him. He was informed that E. S. Bibb was the agent of the defendant to accept service of process in Minnesota and that his appointment was on file. Thereupon Schultz took the papers to Bibb's office in Minneapolis and left with him one copy of the summons and complaint and procured his indorsement upon the original papers as follows: "Service accepted the 7th day of July, 1919. E. S. Bibb, Agent for Sargent & Co." A few days later, the attorney general was requested to dismiss the action. The request was based on Bibb's affidavit, stating that on March 17, 1917, the defendant appointed him its agent and attorney duly authorized to accept service of process in the state of Minnesota; that the appointment was filed in the office of the secretary of state, and that affiant continually thereafter was the agent of defendant in this state, upon whom process might be served; that he had admitted service of the summons and complaint in defend-

145 M—29.

ant's behalf, and that it had at all times maintained an office in this state in his charge wherein its books were at all times open to inspection. The attorney general made an investigation of the facts, concluded not to grant the request, and, on July 19, 1919, directed Schultz to take the original summons and complaint to the sheriff of Hennepin county to obtain his return upon the summons. This was done and the sheriff made return that he was unable to find the defendant and that he could not be found within his county. On July 24, 1919, Schultz deposited two copies of the summons and complaint in the office of the secretary of state. One copy was immediately mailed to defendant at Minneapolis. On August 2, 1919, it was returned uncalled for. Thereupon it was mailed to and received by Bibb. There was evidence tending to show that on July 29, 1919, Schultz took the original summons and complaint, with the sheriff's return attached, and filed them in the office of the clerk of the district court for Hennepin county. The file clerk entered the action in the registry of actions as follows: "July 29, 1919. Summons and complaint filed." During the afternoon of that day Bibb went to the clerk's office and asked to see the papers and was informed that they were not yet on file. He returned on the following morning and was told that the papers had been filed. A deputy clerk brought them to him and discovered on taking them out of the file case that the original summons had been cut or torn from the file cover and was not on file.

Defendant, through its attorneys, requested and obtained from the attorney general one or more extensions of the time within which it might answer the complaint. No answer was ever interposed. On September 19, 1919, upon notice and an order to show cause, defendant applied for an order setting aside the service of the summons; restraining the attorney general from proceeding further in the action until a summons was served; extending the time for making return or answer to the complaint, and for such further and different order as might be proper. The application was heard upon affidavits and denied. The order directed the attorney general to file a true copy of the summons in place of the original and gave defendant 20 days additional time to answer. From this order defendant appeals.

It will be observed that there were two services or attempted services

of the summons, the first on July 7, the second on July 24. The application was not to vacate either, but to vacate and set aside both and to restrain the attorney general from proceeding further until the summons was duly served. It follows that if either service was good, the court was right in denying the application. The attorney general takes the position that the first service was of doubtful validity because a domestic corporation cannot appoint an agent for the sole purpose of receiving service of process upon it, while defendant takes the position that it may do so. We see no reason why any corporation, domestic or foreign, may not empower a resident of this state to accept service of process in actions brought against it. If Bibb had admitted service merely as attorney for defendant, a different question would be presented. He made the admission as the agent of the defendant, and he had express authority to do so. It is true that such authority purported to be given pursuant to the statutory provisions relating to the appointment of agents and attorneys by foreign corporations, but the appointment was clearly broad enough to confer authority, even though defendant was not a foreign corporation. It follows that the first service gave the court jurisdiction, and that, without reference to the later service, the court was justified in denying the application.

With respect to the second service, it may be said that at most it was superfluous. We do not hold that, when a domestic corporation appoints an agent or attorney in this state upon whom process may be served and then withdraws from the state and a situation arises which justifies proceedings to vacate its charter, the court can acquire jurisdiction only when the summons is served on such agent or attorney. We think that by making such an appointment, it cannot do away with the statute providing for service in a different manner and that, notwithstanding such appointment, service may be made in the manner pointed out by subdivision 2, § 7735, G. S. 1913. A person appointed and authorized solely to accept service of process cannot be said to be an officer or managing agent of the corporation appointing him, and the fact that in admitting service he designates himself as a managing agent does not make him one. The case is one where there has been a double service of the summons, each service good in the sense that, independently of the other, it conferred jurisdiction on the court, but the

second unnecessary, because jurisdiction had already been acquired. The record is not devoid of evidence which would justify the court below in concluding that the original summons was attached to the complaint when the sheriff made his return and when the papers were filed with the clerk. Bausman v. Tilley, 46 Minn. 66, 48 N. W. 459. The statute empowers the court to direct that a copy of an original paper in an action may be filed and used in place of the original in making up the judgment roll. Section 7903, G. S. 1913. Aside from the statute, a court of record has inherent power to supply or complete its records. 13 Enc. Pl. & Pr. 372. There was no error in permitting a copy of the summons to be filed in place of the original.

Order affirmed.