MAUD HANEY v. JOHN RAGLAN HANEY.[1]

May 1, 1925.

No. 24,414.

**Statutory substituted personal service of process.**

1. As a foundation for substituted personal service without the state under section 9234, G. S. 1923, every step must be made to permit the service to be made by publication.

**Party appearing specially not entitled to notice of subsequent proceedings.**

2. A party challenging the jurisdiction of the court on a special appearance, of which due notice is given, is not entitled to notice of subsequent proceedings under section 9239, G. S. 1923.

**District court may replace its lost or destroyed records.**

3. The district court has the inherent power to replace its records when lost or destroyed by accident, negligence or wantonness.

**How such replacement may be ordered.**

4. It is in the discretion of the court as to whether the necessity for replacement shall be shown by affidavit or oral testimony. Where the adverse party has not made a general appearance, such replacement of records may be ordered in ex parte proceedings; but, if made improvidently or unsupported by the truth, the order may be vacated upon proper showing being made.

**Substituted papers of same validity as original.**

5. The substituted papers become of equal validity to those which have disappeared.

[1] Reported in 203 N. W. 614.

**Right of appeal from adverse ruling.**

6. Plaintiff, upon an adverse ruling vacating a judgment and setting aside a personal service without the state, does not waive his right to appeal from such ruling, by filing a new affidavit and causing another personal service to be made without the state.

**Party defendant appearing specially cannot litigate ownership of property attached.**

7. A defendant cannot on a special appearance contest or litigate the question of his interest in property attached.

**Affidavit for publication of summons.**

8. Defects in an immaterial clause in an affidavit for the service of a summons by publication cannot destroy the affidavit which must be considered in its entirety.

**Delay in making personal service of summons unreasonable.**

9. A delay of nine months, in making a personal service of a summons without the state, after the making of the sheriff's return that defendant cannot be found, is as a matter of law unreasonable and the return will not support and sustain the service.

1. See Process, 32 Cyc. p. 489.
2. See Appearances, 4 C. J. p. 1370 § 68a (1926 Anno).
3. See Courts, 15 C. J. p. 980, § 406; Records, 34 Cyc. p. 606.
4. See Records, 34 Cyc. pp. 608, 609.
5. See Records, 34 Cyc. p. 610.
6. See Appeal and Error, 3 C. J. p. 665, § 536.
7. See Appearances, 4 C. J. p. 1370, § 68.
8. See Process, 32 Cyc. p. 475.
9. See Process, 32 Cyc. p. 489 (1926 Anno).

From an order of the district court for Hennepin county dated July 15, 1924, Molyneaux, J., granting the motion of defendant, who appeared specially for that purpose, to set aside plaintiff's judgment against him, and service of summons, and from an order dated August 16, 1924, Baldwin, J., granting the motion of defendant, who appeared specially for that purpose, to set aside an attempted service of summons and complaint upon him on or about July 22,

1924, plaintiff appealed. Former order reversed and order of August 16, 1924, affirmed.

*I. E. McElroy,* for appellant.

*Thompson, Hessian & Fletcher,* for respondent.

WILSON, C. J.

Plaintiff has a Canadian judgment against defendant who lives in Winnipeg. In October, 1923, she brought suit in this state upon her judgment and procured a writ of attachment against real estate in Hennepin county. On October 22, 1923, the summons and complaint were filed with the sheriff's return that defendant could not be found. An affidavit for service by publication was then filed, in which there was no statement that a copy of the summons had been mailed to the defendant, although his residence was stated. The summons was then personally served on defendant in Winnipeg. Bond for entry of judgment was filed on January 18, 1924, and on that day judgment was entered in the sum of $23,498.02.

Over date of June 27, 1924, defendant made a motion, appearing specially, returnable on July 8, 1924, to vacate the judgment entered January 18, 1924, and to set aside the service of the summons personally made on defendant in Winnipeg. The motion was based upon the failure of the record to show that a copy of the summons was mailed to defendant as required by section 9234, G. S. 1923, and other grounds unnecessary to mention. This was followed by an ex parte proceeding in behalf of plaintiff in which her counsel filed an affidavit in which he set forth verbatim a copy of an affidavit purporting to have been made by him on October 22, 1923, in which he stated that on that date he had duly mailed a copy of the summons to defendant, which affidavit he said was written on the back cover of the original summons and complaint and filed therewith and that he had seen it there as late as December 6, 1923, but that, upon recent examination, he found that this affidavit had been torn off and was no longer in the files in the clerk's office. On July 5, 1924, the court made an order authorizing the filing of a copy of such absent affidavit, as of October 22, 1923, and to be substituted for the original thereof with like force and effect as said original

filed October 22, 1923. On July 15, 1924, defendant's motion on special appearance was granted. The following day plaintiff's counsel filed a new affidavit for service of summons by publication or personal service without the state. On July 22, 1924, the summons and complaint were again personally served on defendant in Winnipeg. Over date of August 6, 1924, defendant, appearing specially, made a motion returnable on August 9, 1924, to vacate and set aside the service of the summons and complaint so made upon him on July 22, 1924. The grounds urged for this motion were the insufficiency of the new affidavit and that the record failed to show that the court had jurisdiction and was based principally upon the fact that plaintiff attempted to utilize the return made by the sheriff filed October 22, 1923. This motion carries with it an affidavit of defendant to the effect that he does not own any property in Minnesota. This part of the affidavit is fully and in form effectively answered by an affidavit of plaintiff's counsel. On August 16, 1924, the motion was granted.

Over date of August 18, 1924, plaintiff served a notice of appeal from the order of July 15, 1924. Over date of August 18, 1924, plaintiff served a notice of appeal from both the order dated July 15, 1924, and the order dated August 16, 1924. We will treat the matter as one appeal embracing both orders.

The personal service of a summons on a nonresident under section 9234, G. S. 1923, is a substitute for the service by publication. It must, therefore, be predicated upon a strict compliance with the statute. Everything must be done to permit the service by publication to be made. When this foundation for publication is put on the record the substituted service may be used. The statute says that the affidavit must show that plaintiff "has mailed a copy of the summons to the defendant at his place of residence, or that such residence is not known to him." We are of the opinion that this statute must be literally complied with in order to support a personal service on a nonresident. Gilmore v. Lampman, 86 Minn. 493, 90 N. W. 1113; H. L. Spencer Co. v. Koell, 91 Minn. 226, 97 N. W. 974; Pugsley v. Magerfleisch, 161 Minn. 246, 201 N. W. 323. The usual affidavit for service by publication said nothing about

mailing a copy of the summons to the defendant, though it gave Winnipeg as his residence. This deficiency went to the jurisdiction of the court, and, if the record did not show that the summons was so mailed, the personal service made later without the state was a nullity and jurisdiction was never acquired for the entry of the judgment which followed. Without such record judgment was unauthorized. In McCully v. Heller, 66 How. Pr. 468, the court said: "it is unnecessary also to mail a copy of the summons where such personal service is had." This is cited in 32 Cyc. 489. But the difficulty with this citation is that it is based upon a statute which is not the same as ours. Section 440, Wait's New York Code of Civil Procedure of 1877. It is not in point.

Defendant now argues that this ex parte proceeding was void because no notice was given defendant of the application for such order. He invokes section 9239, G. S. 1923, which says:

"A defendant appears in an action when he answers, demurs or gives the plaintiff written notice of his appearance, after which he shall be entitled to notice of all subsequent proceedings therein."

Defendant claims this statute entitled him to have notice of the application. He had not answered. He had not demurred. He had not given a written notice of his appearance. Appearance as here used means a general appearance. Otherwise he is not entitled to notice of subsequent proceedings. He came into this case for the purpose of pointing out to the court an irregularity in its proceedings. He did this in form and language so as not to submit to the jurisdiction of the court as to any other matter. He sought to take advantage of the defect above mentioned. He was challenging the jurisdiction of the court. He was a stranger except for the special purpose. It cannot be presumed so long as he appeared specially that he had any further interest in the matter. His appearance discloses his interest in the matter, and his special appearance precludes all other matters. These are the characteristics of a special appearance. In fact such appearance disclaims all interest except that expressly given for such appearance. Clearly, one so appearing, can claim but little consideration from his adversary. Such

appearance being limited by the adjective special does not amount to an appearance within the meaning of the statute, hence the defendant was not entitled to notice of the application.

In this case a showing was made by affidavit that satisfied the court that the necessary and alleged absent affidavit, had in fact been made, filed and lost or wantonly removed from the files. The fact that the substance of the lost affidavit was put in a separate paper and not included, as usual, in the affidavit for publication (section 9234, G. S. 1923), was doubtless considered by the trial court. The court was convinced and authorized the filing of a copy of the absent affidavit to replace it. In certain cases the statute authorizes the court to permit a copy to be filed and used instead of a lost file. Section 9399, G. S. 1923. But, aside from the statute, the court has the inherent power, unaffected by lapse of time, to replace its records when lost or destroyed by accident, negligence or wantonness. R. R. & L. of W. Ry. Co. v. Sture, 32 Minn. 95, 20 N. W. 229; State v. Le Roy Sargent & Co. 145 Minn. 448, 177 N. W. 633. It is within its discretion as to whether the necessity shall be shown by oral proof or by affidavit. 17 R. C. L. 1175. There is really no reason why, in a case where the adversary has not made a general appearance, such a substitution may not be made on an ex parte order. If made improvidently, or unsupported by truth, it may be set aside upon proper showing being made; and if defendant in this case upon his first motion, had been in a position to have refuted the claim made in the ex parte application, he doubtless would have asked to have the order based thereon vacated. He did not. It is important that the court records should be correct and complete, and it may, upon an ex parte proceeding, make the necessary order for substitution. This substitution having been made by the court was a judicial determination of the filing at the proper time of the proper affidavit showing the mailing of the copy of the summons to defendant and the matter thus substituted becomes of equal validity to that which has disappeared. The order (made by another judge) of the court made on July 15, 1924, vacating the judgment and setting aside the service of the summons was erroneous.

Subsequent conduct of plaintiff in proceeding to make another service upon defendant did not prevent him by waiver or otherwise from prosecuting his appeal from this order.

In the attempt to make a second personal service without the state, plaintiff used the preliminary record made about nine months before, as a foundation for service by publication and filed an affidavit for service by publication in which he stated that he was such attorney and then thus:

"That the defendant is not a resident of the state of Minnesota but that he has property therein and the court has jurisdiction of the subject of the action; that he believes the defendant is not a resident of the state of Minnesota, or cannot be found therein; and that he has mailed a copy of the summons in this action to the defendant at his place of residence; that the defendant is a resident of the city of Winnipeg in the province of Manitoba in the Dominion of Canada, that the sheriff of Hennepin county, Minnesota, has duly determined that the defendant cannot be found in said county and such return of said sheriff is on file herein, that this affidavit is made for the purpose of serving the defendant by publication herein, or by serving him personally with the summons in this action outside of this state."

On the second special appearance defendant claimed, that defendant did not own any property, that the above affidavit was insufficient, and that the service could not rest upon the return of the sheriff made October 22, 1923.

Defendant cannot, on his special appearance, contest or litigate the question of his interest in the property attached. Spokane Merchants Assn. v. Coffey, 123 Minn. 364, 143 N. W. 915.

It is claimed that the affidavit above set forth is insufficient as being in the alternative by virtue of the clause "that he believed the defendant is not a resident of the state of Minnesota, or cannot be. found therein"—and within the rule of First Nat. Bank of Rush City v. Morrow, 161 Minn. 358, 201 N. W. 442, and cases therein cited. This affidavit previously positively states that defendant was not a resident of Minnesota and later gives his residence as Winni-

peg in the province of Manitoba in the Dominion of Canada. The affidavit must be viewed from the four corners. When this is done the clause under attack becomes of but little importance as the affidavit in this respect would be sufficient if this clause was disregarded entirely. Defects in an immaterial clause cannot destroy the affidavit.

The return of the sheriff that defendant cannot be found must be acted upon within a reasonable time. If not another return must be obtained and filed. Our statute expressly limits the time for doing certain things in practice and procedure. An action must be begun not later than 60 days after the issuance of a writ of attachment. Section 9342, G. S. 1923. The delivery of summons to the sheriff for service shall cease to constitute the commencement of the action unless within 60 days certain steps are taken. Section 9199, G. S. 1923. An execution is returnable within 60 days. Section 9420, G. S. 1923. A person must proceed with reasonable diligence to effect service of a summons after it is put in the hands of the officer. McCormick v. Robinson, 139 Minn. 483, 167 N. W. 271. A delay for one year in making such service is unreasonable. Spotts v. Beebe, 148 Minn. 363, 182 N. W. 167. This is sufficient to show that it is the policy of the law that process should not be unduly delayed. There was not a negligent delay in the case at bar. But, when the court destroyed the effect of the first effort, plaintiff promptly acted but used for the foundation for the substituted service the old return that had been made by the sheriff about nine months before. This as a matter of law was an unreasonable delay. The conditions evidenced by the return could not be presumed to continue for such period of time. True, neither the making nor the filing of the sheriff's return that the defendant could not be found was, under the statute, a jurisdictional prerequisite to the personal service without the state. Perkins v. Gibbs, 108 Minn. 151, 121 N. W. 605. But such return is just as necessary to support and sustain the substituted personal service after it has been made as to support and sustain a service by publication. The argument that no prima facie evidence is necessary in this case because the summons was served upon defendant personally outside the state is

unsound. That fact does not prove that he resided at the place where service was made nor does it prove that he was a nonresident of this state. The existence of the return is a statutory condition upon which the affidavit of nonresidence will be accepted as a foundation for subsequent proceedings. The return and its filing is necessary not to authorize but to support and sustain the service. If no such return was now on file, the service would fall for want of support. But a return nine months old cannot be said to state the facts at the time of service. A new return from the sheriff should then have been secured and filed. The return on file being insufficient, for the reasons stated, to support the second attempt of substituted service, the order of the court in setting aside this service was proper.

The order of the court made August 16, 1924, is affirmed. The order of the court made July 15, 1924, is reversed.

May 29, 1925.

Ordered that the petition for reargument is denied.

The opinion in no way precludes defendant from moving to have the ex parte order vacated.