## J. R. CANTY v. WALTER BOCKENSTEDT.[1]

March 4, 1927.

No. 25,835.

**Question of court's jurisdiction to decree foreclosure was not raised by pleadings.**

1. No issue as to the court's jurisdiction to render a judgment for the foreclosure of a mortgage was raised by the pleadings in an action brought to vacate the judgment and remove a cloud on respondent's title caused by the foreclosure and redemption proceedings.

[1]Reported in 212 N. W. 905.

**Nor litigated by consent.**

2. The question of the court's jurisdiction to render the judgment of foreclosure was not litigated by consent.

**Jurisdiction not lost by failure to obtain statutory certificate and to pay inheritance tax.**

3. The failure of the personal representative of a deceased non-resident mortgagee to procure the certificate of the attorney general required by G. S. 1923, § 2302, and to pay an inheritance tax does not deprive the court of jurisdiction to render a judgment for the foreclosure of the mortgage.

**Redemption by judgment creditor.**

4. The effect of redemption from the foreclosure sale by a judgment creditor was to give him all the rights of a good faith purchaser of the land.

**Justice of the peace was an officer de facto.**

5. A duly elected justice of the peace, who fails to file his bond and oath with the clerk of court but assumes to act as a duly qualified justice, is an officer de facto, if not an officer de jure.

**When assignee of mortgagee becomes a trustee of an express trust.**

6. One who takes an assignment of a note and mortgage for a corporation in which he is interested becomes a trustee of an express trust within the meaning of G. S. 1923, § 9167, and has a right to bring an action to foreclose in his own name.

Appeal and Error, 4 C. J. p. 756 n. 21.
Justices of the Peace, 35 C. J. p. 452 n. 38; p. 453 n. 51.
Mortgages, 27 Cyc. p. 1544 n. 52; p. 1866 n. 54.
Quieting Title, 32 Cyc. p. 1354 n. 46.
Taxation, 37 Cyc. p. 1584 n. 95 New.

Defendant appealed from an order of the district court for Murray county, Nelson, J., denying his motion for a new trial. Reversed.

*Henry E. Horwitz* and *A. V. Junkin*, for appellant.

*Meighen, Knudson & Sturtz*, for respondent.

Lees, C.

Respondent and his wife executed their note for $5,000 to H. J. Stiger and secured the note by a mortgage on 80 acres of land in Murray county. The parties to the transaction were residents of Iowa. Stiger assigned the note and mortgage to George E. Rickcords of Chicago, Illinois. Rickcords died testate and his Illinois executors assigned the note and mortgage to Adelaide E. Rickcords of Chicago. She in turn assigned them to Martin Mee, a resident of Iowa. All the assignments were duly recorded. Respondent defaulted in the payment of interest and taxes and early in 1923 Mee commenced an action in the district court of Murray county to foreclose the mortgage. On March 17, 1923, his attorney filed an affidavit of no answer, obtained an order for judgment and caused a judgment of foreclosure and sale to be entered. The summons, complaint and proof of service thereof were not filed until May 12, 1923. The property was sold pursuant to the judgment. Within the year of redemption, the appellant, Walter Bockenstedt, took an assignment of a justice court judgment against the respondent, rendered in the year 1923 and docketed in the office of the clerk of the district court on August 31, 1923, and gave notice of his intention to redeem from the foreclosure sale. The land was subject to a second mortgage. Neither respondent nor the second mortgagee redeemed. Appellant paid the sheriff $6,633.85 and received a certificate of redemption, took possession of the land, received the rents and profits for two years and made a number of permanent improvements. The sheriff tendered the redemption money to Mee who refused to receive it.

Respondent then brought this action to set aside the foreclosure and redemption proceedings and to have himself declared to be the owner of the land. In his complaint he alleged that at the time of the commencement of the action he was the owner in fee. When he brought the foreclosure action, Mee was not the owner of the note or mortgage. Ignorant of that fact, respondent did not defend but permitted a default judgment to be entered against him. The assignment of the note and mortgage to Adelaide E. Rickcords was made without obtaining the certificate of the attorney general, re-

quired by G. S. 1923, § 2302, par. 2, and no inheritance tax was paid to the state of Minnesota. The assignment to Mee was made in trust for the Iowa Investment Company in which he was interested. Respondent had an agreement with Mee and the owner of the second mortgage for an extension of the time of redemption. Pursuant thereto he and his wife conveyed the land to the second mortgagee to enable him to procure a new loan and discharge the first and second mortgages. The justice of the peace who rendered the judgment had not given the bond or taken the oath required by law. The reasonable value of the land is $15,000.

The relief prayed for was the vacation of the judgment in the foreclosure suit, the cancelation of the justice court judgment and the removal of the cloud on respondent's title, caused by the foreclosure and redemption proceedings.

The trial court found that the judgment in the foreclosure action had been rendered without jurisdiction and was void; that the justice of the peace had been duly elected from term to term but had not filed an oath or bond with the clerk of court since the year 1918; that the certificate of the attorney general required by G. S. 1923, § 2302, had not been obtained; that while appellant was in possession of the land he and his wife gave their note for $5,000 to the Travelers Insurance Company secured by a mortgage on the land; that the note fell due October 1, 1929; that appellant had paid out $8,061.30 to acquire the justice court judgment, redeem from the foreclosure sale, make improvements and pay taxes on the land, and had received $828.45 in rents and profits.

Judgment was ordered as follows: (1) For the vacation of the judgment of foreclosure and the certificate of redemption; (2) declaring respondent to be the owner of the land free from all claims on the part of appellant; (3) restoring the lien of the mortgage which Mee had attempted to foreclose; (4) directing the sheriff to disburse the redemption money in the following manner: To appellant $2,232.85 and to the Iowa Investment Company $4,401.

A motion for a new trial was made and denied and this appeal followed.

Respondent contends (a) that the court did not have jurisdiction to render the judgment of foreclosure because the attempted service of the summons was made in Iowa and not proved as required by statute; that the sheriff of Murray county had not theretofore determined that the mortgagors were nonresidents of Minnesota and could not be found within Murray county; and that the complaint, summons and pretended proof of service were not filed until after the judgment was entered and the sale had; (b) that the assignment of the note and mortgage to Mee was a nullity because the statutory certificate of the attorney general was not obtained; (c) that the Iowa Investment Company, the real owner of the note and mortgage, had not been made a party to the foreclosure action and that Mee could not foreclose a mortgage he did not own; (d) that the justice court judgment was invalid and did not give appellant a right to redeem.

We are satisfied that no issue as to the court's jurisdiction to render the judgment of foreclosure was raised by the pleadings.

The files in the suit were introduced in evidence. The proof of service of the summons, identified as Exhibit E, is an affidavit purporting to be made by W. C. Harrison as sheriff of Tama county, Iowa, by T. H. Clow, as deputy sheriff. Calling the court's attention to Exhibit E respondent's counsel said:

"Perhaps the court might like to keep track of what we are driving at. Our contention is, that this affidavit of process (?) outside the state is fatally defective under the statute and that the court never had jurisdiction under that affidavit. It is an affidavit * * * which is admitted to be signed by proxy. * * * I don't think a deputy sheriff can make an affidavit for the sheriff. He can make an affidavit for himself. * * * That is the point that we have in mind. It can be argued later."

This is the basis for the contention that the question of jurisdiction was litigated by consent. The rule is stated in Diamond v. Dennison, 102 Minn. 302, 113 N. W. 696, as follows:

"This court will not presume, where the evidence is returned, that parties intended to litigate issues other than those presented by

the pleadings, unless the intent clearly appears from the record. * * * Consent cannot be inferred from the fact that no objection was made to particular testimony bearing upon an outside issue, which was competent under the issues actually made."

Under this rule it must be held that it does not appear that the parties voluntarily litigated an issue not raised by the pleadings.

The sheriff of Murray county certified that after diligent search and inquiry he was unable to find the defendants or any of them in his county and that they were not residents thereof and had no place of abode therein. Thereafter an affidavit for service by publication was made and filed on February 2, 1923. The summons was served, if served at all, by the delivery of copies to the defendants in Tama county, Iowa, on February 5, 1923. The summons and the alleged proof of service thereof, with the complaint and the certificate of the sheriff of Murray county, were not filed until May 12, 1923, or about two months after the judgment was rendered.

In view of our conclusion that the question of jurisdiction was neither raised by the pleadings nor litigated by consent, it is unnecessary to determine whether the service was good or bad, but since there must be a new trial it is proper to call attention to Haney v. Haney, 163 Minn. 114, 122, 203 N. W. 614, where it was said:

"The existence of the return [sheriff's return of not found] is a statutory condition upon which the affidavit of nonresidence will be accepted as a foundation for subsequent proceedings. The return and its filing is necessary not to authorize but to support and sustain the service. If no such return was now on file, the service would fall for want of support." See also Easton v. Childs, 67 Minn. 242, 69 N. W. 903.

Perkins v. Gibbs, 108 Minn. 151, 121 N. W. 605, cited in the Haney case, dealt with a statute which was amended after the Perkins case was decided. When the foreclosure suit in the case at bar was commenced, the statute provided that the sheriff of the county in which an action is brought shall duly determine that the defendant cannot be found therein before service can be made by

publication or by the delivery of a copy of the summons to the defendant without the state. G. S. 1923, § 9234.

Assuming that a Minnesota mortgage cannot be assigned by a foreign executor of the will of a nonresident mortgagee without complying with G. S. 1923, § 2302, it is clear that the failure to procure the certificate of the attorney general must be pleaded as a defense in the assignee's suit to foreclose the mortgage. The absence of the certificate does not deprive the court of jurisdiction to render a judgment of foreclosure and sale. This is too plain a proposition to require the citation of authorities to support it.

Appellant's right to redeem is founded wholly on the justice court judgment he purchased. If the judgment was invalid, it did not become a lien on the land and he had no right to redeem. If he had a right to redeem, the redemption gave him all the rights of a good faith purchaser of the land. Martin v. Baldwin, 30 Minn. 537, 16 N. W. 449; Ahern v. Freeman, 46 Minn. 156, 48 N. W. 677, 24 Am. St. 206; White v. Leeds Imp. Co. 72 Minn. 352, 75 N. W. 595, 761, 71 Am. St. 488. The justice had filed his bond and oath with the village clerk of the county seat of Murray county. It should have been filed with the clerk of court. The justice testified to his election in 1918, to his re-election every second year thereafter, and to the fact that he had tried and decided numerous civil and criminal cases in each year subsequent to his election.

We are of the opinion that the mistake in filing the oath and bond did not invalidate his official acts and that, if not an officer de jure, he was an officer de facto. State v. Brown, 12 Minn. 448 (538); Burt v. Winona St. P. R. Co. 31 Minn. 472, 18 N. W. 285, 289.

The fact that Mee took the assignment of the note and mortgage for the Iowa Investment Company furnishes no ground for an attack upon the judgment in the foreclosure suit. The assignment was a contract with Mee for the benefit of the company and he became a trustee of an express trust within the meaning of G. S. 1923, § 9167, and had a right to bring the foreclosure suit in his own name.

Appellant is personally liable on the $5,000 note he gave to the Travelers Insurance Company. If he is not called upon to pay the

note, the disposition of the redemption money which the court ordered was probably correct, but in case he is compelled to pay the note he would have the right to be subrogated under the mortgage to whatever rights the mortgagee acquired thereunder. A provision to cover the contingency mentioned should be made in the judgment, if respondent prevails upon another trial of this action.

There must be a new trial. Upon the going down of the remittitur, respondent will be at liberty to move for an amendment of the complaint setting forth the facts upon which he bases his attack on the court's jurisdiction to render the judgment in the foreclosure suit.

Order reversed.

PER CURIAM.

At the conclusion of the argument in this case, the respondent presented affidavits to the court showing that in May, 1926, the sheriff of Murray county handed a draft for $2,064.77 to the former attorney for the appellant and mailed a draft to respondent's attorneys for the remainder of the money received on the redemption from the foreclosure sale referred to in the opinion filed herewith, and that the first mentioned draft was subsequently returned by mail to the State Bank of Slayton, Minnesota, the drawer of the draft, is now in the possession of the bank and has never been cashed.

It was suggested that by reason of these facts the appeal presents only a moot question and should be dismissed without considering it on the merits.

Upon a consideration of these facts, we hold that the appeal does not present a moot question only.